United States District Court
Southern District of Texas
FILED

JUN 1 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS §<br>EXECUTOR OF THE ESTATE OF §<br>MARIA PETRA BANDA; ELIAS LIMAS §<br>GARCIA, JR.; RAUL LIMAS GARCIA; §<br>JESUS MANUEL LIMAS GARCIA; §<br>MARTA ALICIA GARCIA; and §<br>MARIA ISABEL LIMAS GARCIA §<br> §<br>VS. §<br> §<br>AIRPAX CORPORATION, L.L.C.; §<br>AIRPAX CORPORATION; and §<br>PHILIPS ELECTRONICS NORTH §<br>AMERICA CORPORATION § | CIVIL ACTION NO. _____  **B-02-122**<br><br>**"JURY"** |

## DEFENDANT AIRPAX CORPORATION, L.L.C.'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

Defendant Airpax Corporation, L.L.C., ("Airpax"), by and through its counsel, F.

Edward Barker, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby remove

cause number 2001-06-2855-G, captioned <u>Limas, et al. vs. Airpax Corporation, L.L.C.,</u>

<u>et al.,</u> from the District Court of the 404th Judicial District, Cameron County, Texas, to

the United States District Court for the Southern District of Texas, Brownsville Division.

As grounds therefore, the Airpax Defendant states:

1.      Any civil action of which the district courts of the United States have

original jurisdiction may be removed from state court to federal court.  28 U.S.C.

§ 1441(a). The district courts of the United States have original jurisdiction of all actions between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

2.      The present action is between citizens of various American states and citizens of a foreign state. All plaintiffs are citizens of Mexico and/or Kansas. (Plaintiffs' First Amended Petition at p. 2, ¶¶ 2-7; hereafter the "Complaint"; copy attached as Exhibit A). None of the defendants is a citizen of Mexico and/or Kansas.

    a.      Defendant Airpax is incorporated under the laws of the State of Delaware. (See Exhibit A, Complaint at p. 2, ¶ 9; Exhibit B, Affidavit of Michael V. Rabasca.) Defendant Airpax Corporation maintains no principle place of business in Texas but only has a "staging center" in Texas facilitating its business in Mexico. (Exhibit B, Affidavit of Michael V. Rabasca). Defendant Airpax is and at all times has been a citizen of the State of Delaware. 28 U.S.C. § 1332(c).

    b.      Defendant Airpax states that there is no longer any entity known as Airpax Corporation. Notwithstanding the misleading allegations of p. 2, ¶ 9 of the Complaint the Airpax Corporation entity was dissolved several years ago when the relationship between Philips Electronics North America Corporation was terminated. (See Exhibit B, Affidavit of Michael V. Rabasca).

    c.      Defendant Philips Electronics North America Corporation ("Philips") is incorporated under the laws of the State of Delaware. (Complaint at p. 2,

¶ 10). Defendant Philips maintains its principal place of business in New York. Defendant Philips is therefore a citizen of the States of Delaware and New York.

3.    The amount in controversy in this action exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a). This is an action for wrongful death. (Complaint at p. 4 , ¶ 13). Plaintiffs are the surviving relatives and/or personal representatives of the estates of two individuals who were killed in an accident in Mexico. (Complaint at p. 4, ¶ 13). Assuming that the plaintiffs could prove all of the allegations of their Complaint and that the defendants had no defenses, each plaintiff could be expected to recover an amount exceeding $75,000. See McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994); Garza v. Bettcher Industries, Inc., 752 F. Supp. 753, 763, (E.D. Mich. 1990).

a.    The Airpax Defendant intends to argue that Mexican law governs all damages issues in this case. If Mexican law is applied, the amount recovered may not exceed $75,000 per plaintiff. See Zahn v. International Paper Co., 414 U.S. 291, 38 L.Ed.2d 511, 94 S. Ct. 505, 508 (1973) (each plaintiff must satisfy amount in controversy). However, the amount in controversy is determined from the plaintiffs' point of view and assumes the success of all claims and the failure of all defenses. Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 60 L.Ed. 174, 36 S. Ct. 30, 32 (1915) (amount in controversy is determined from plaintiffs' point of view); Myers v. Long Island Lighting Co., 623 F. Supp.

¶ 10).  Defendant Philips maintains its principal place of business in New
York.  Defendant Philips is therefore a citizen of the States of Delaware
and New York.

3.      The amount in controversy in this action exceeds $75,000 exclusive of
interest and costs.  See 28 U.S.C. § 1332(a).  This is an action for wrongful death.
(Complaint at p. 4 , ¶ 13).  Plaintiffs are the surviving relatives and/or personal
representatives of the estates of two individuals who were killed in an accident in
Mexico.  (Complaint at p. 4, ¶ 13).  Assuming that the plaintiffs could prove all of the
allegations of their Complaint and that the defendants had no defenses, each plaintiff
could be expected to recover an amount exceeding $75,000.  See McCraw v. Lyons,
863 F. Supp. 430, 434 (W.D. Ky. 1994); Garza v. Bettcher Industries, Inc., 752 F. Supp.
753, 763, (E.D. Mich. 1990).

a.      The Airpax Defendant intends to argue that Mexican law governs all
damages issues in this case.  If Mexican law is applied, the amount
recovered may not exceed $75,000 per plaintiff.  See Zahn v. International
Paper Co., 414 U.S. 291, 38 L.Ed.2d 511, 94 S. Ct. 505, 508 (1973) (each
plaintiff must satisfy amount in controversy).  However, the amount in
controversy is determined from the plaintiffs' point of view and assumes
the success of all claims and the failure of all defenses.  Glenwood Light
& Water Co. v. Mutual Light, Heat & Power Co., 239 U.S. 121, 60 L.Ed.
174, 36 S. Ct. 30, 32 (1915) (amount in controversy is determined from
plaintiffs' point of view); Myers v. Long Island Lighting Co., 623 F. Supp.

1076, 1078-1079 (E.D.N.Y. 1985) (same); McGraw, supra, 863 F. Supp. at 434; Garza, supra, 752 F. Supp. at 763.  Plaintiffs contend that Texas law applies.  (Complaint at p. 3, ¶ 11).  Under Texas law, each plaintiff could be expected to recover an amount exceeding $75,000.

4.     This Notice of Removal has been timely filed under 28 U.S.C. ¶ 1446(b). The 30-day period of 28 U.S.C. § 1446(b) begins to run from the time the first defendant is formally served with summons and a copy of the complaint.  Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 143 L.Ed.2d 448, 119 S. Ct. 1322, 1325, 1329-1330 (1999).  Here, plaintiffs formally served defendant Airpax on May 15, 2002.  (See Exhibit C, Notice of Service of Process).  According to documents filed with the clerk of the court for the 404th Judicial District, County of Cameron, Texas, defendant Philips was served on May 16, 2002.  This Notice of Removal has been filed within 30 days of the date when plaintiffs formally served defendant Airpax, the first defendant to be served, with a summons and copy of the Complaint.

5.     This Notice of Removal is filed by Defendant Airpax.  Defendant Philips concurs in this removal.  (See Index of Documents Being Filed).

6.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been filed with the Clerk of the District Court for the 404th Judicial District, Cameron County, Texas, in Cause Number 2001-06-2855-G, Limas, et al. v. Airpax Corporation, L.L.C., et al.  Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been mailed to William R. Edwards, III and John Blaise Gsanger, attorneys of record for the plaintiffs, at the addresses shown on the attached certificate of mailing.

7.     Trial of this matter has not been set.

WHEREFORE, pursuant to this Notice of Removal and 28 U.S.C. § 1441,

defendant Airpax Corporation, L.L.P. respectfully requests that this Court assume

jurisdiction of this case for all purposes.

Dated this 7th day of June, 2002.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Airpax Corporation, L.L.C.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

## CERTIFICATE OF SERVICE

I certify that on June 2ⁿᵈ, 2002, a complete and correct copy of **Defendant Airpax Corporation, L.L.C.'s Notice of Removal** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Via Certified Mail/RRR No. 7001 1940 0005 0592 8148**
Mr. William R. Edwards, III
Mr. John Blaise Gsanger
Edwards Law Firm
P.O. Box 480
Corpus Christi, Texas 78403-0480

**Via Certified Mail/RRR No. 7001 1940 0005 0592 8124**
Mr. Raymond Neuer
Sheehy, Serpe & Ware
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003

F. Edward Barker

CERTIFIED CO. /

CAUSE NO. 2001-06-2855-G

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| AS EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA LIMAS GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
|     Plaintiffs, | § | |
| | § | 404TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | |
| AIRPAX CORPORATION L.L.C.; | § | |
| AIRPAX CORPORATION; and | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | |
|     Defendants. | § | CAMERON COUNTY, TEXAS |

**FILED** _____ o'clock ___ M
AURORA DE LA GARZA DIST. CLERK
MAY 0 3 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come, Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda, Elias Limas Garcia, Jr., Raul Limas Garcia, Jesus Manuel Limas Garcia, and Maria Isabel Limas Garcia, Plaintiffs, complaining of Defendants Airpax Corporation L.L.C., Airpax Corporation, and Phillips Electronics North America Corporation and for cause of action respectfully state as follows:

## I.

## DISCOVERY LEVEL

1.     Discovery should be conducted under Level Three of T.R.C.P. 190.

## II.

CERTIFIED COPY

## THE PARTIES

2. Elias Limas, in his individual and representative capacity, is an individual residing in Matamoros, Mexico. Elias Limas is acting as representative of the estate by family agreement.

3. Elias Limas, Jr. is an individual residing in Matamoros, Mexico.

4. Raul Limas Garcia, is an individual residing in Matamoros, Mexico.

5. Jesus Manuel Limas Garcia, is an individual residing in Brownsville, Texas.

6. Marta Alicia Limas Garcia, is an individual residing in Kansas.

7. Maria Isabel Limas Garcia, is an individual residing in Matamoros, Mexico.

8. Defendant, Airpax Corporation L.L.C. is a foreign corporation organized and existing under the laws of the State of Maryland and may be served with process by serving its registered agent for service of process Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701.

9. Defendant, Airpax Corporation is a foreign corporation organized and existing under the laws of the State of Delaware and may be served with process by serving its registered agent for service of process CT Corporation System, 1601 Elm Street, Dallas, Texas 75201, and by serving its branch office for service of process Airpax Corporation, 468 Regal Row, Suite 127, Brownsville, Texas 78521.

10. Defendant, Phillips Electronics North America Corporation is a foreign corporation organized and existing under the laws of the State of Delaware and may be

CERTIFIED COPY

served with process by serving its registered agent for service of process Corporation Service Company D/B/A+, 800 Brazos, Austin, Texas 78701.

## III.

## JURISDICTION AND VENUE

11.     Venue is proper in Cameron County as to all Defendants names herein pursuant to §15.002(a) of the Texas Civil Practice & Remedies Code, because, *inter alia,* Cameron County is the county of the Defendants' principal offices in this state. Jurisdiction is proper pursuant to the appropriate provisions of the Texas Constitution and Texas Government Code.

## IV.

## AGENCY, RESPONDENT SUPERIOR,
## SINGLE BUSINESS ENTERPRISE, AND JOINT ENTERPRISE

12.     Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant, itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives. With respect to the conduct at issue, all Defendants acted as a single business enterprise and joint enterprise.

## V.

## BACKGROUND FACTS

CERTIFIED COPY

13.    On May 3, 2001, Elias Limas' sixty-two year old wife, Maria Petra Banda was run over and killed by tractor/trailer combination owned, operated, and controlled by Defendants. She was one of two individuals who lost their lives this day due solely to the acts and omissions of the Defendants named herein and their agent truck driver who was at all times germane to the incident in question acting within the course and scope of his employment with the Defendants named herein.

## VI.

## ALLEGATIONS

### Negligence and Gross Negligence

14.    Defendants owed a duty to exercise ordinary care in connection with their operation of the tractor and trailer in question and in the furtherance of their business. Defendants operated a commercial motor vehicle during the incident giving rise to this lawsuit. At all times relevant hereto an employer-employee relationship existed between the Defendants' truck driver and the Defendants. Defendants, acting individually and by and through their agents, employees, and representatives acting within the course and scope of their respective capacities, breached their duties to the decedents and such breach constitutes negligence and gross negligence, which proximately caused the injuries and damages alleged herein.

The Defendants' negligent acts and/or omissions include, but are not limited to, the following:

CERTIFIED COPY

a.      Operating the tractor/trailer combination at an unreasonable rate of speed or rate of advance under the existing circumstances;

b.      Failing to keep a proper lookout;

c.      Failing to make timely application of his brakes or to otherwise control speed or rate of advance;

d.      Failure to ascertain whether the tractor/trailer driver that killed the individuals at issue was a competent, knowledgeable, and/or qualified driver prior to entrusting the tractor/trailer combination to him;

e.      Failure to maintain an assured clear distance; and

f.      Failing to operate the tractor/trailer combination at issue in an appropriate manner under the existing circumstances.

The negligence of the Defendants described above is and was a proximate cause of the occurrence in question in this case and the injuries sustained by all Plaintiffs named herein.

## VII.

## DAMAGES

15.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs sustained damages due to their beloved wife's and beloved mother's wrongful death in at least the following respects:

a.      Past and future mental anguish;

---

CERTIFIED COPY

      b.     Past and future loss of consortium and loss of enjoyment of life;

      c.     Loss of household services for Elias Limas; and

      d.     Pre and post-judgment interest.

16.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, The Estate of Maria Petra Banda sustained damages in at least the following respects:

      a.     Past and future mental anguish including but not limited to pre-impact terror;

      b.     Pain and suffering; and

      c.     Funeral and burial expenses.

These damages for personal injury to Maria Petra Banda survive to and in favor of the heirs, legal representative, and estate of the decedent against the liable Corporations and the liable Corporations' representatives.

## VIII.

## EXEMPLARY DAMAGES

17.    For additional causes of action, Plaintiffs re-plead as fully as though set forth in this paragraph all allegations set forth above and alleges that all the acts and omissions on the part of Defendants, taken singularly or in combination, were aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants conduct involved an extreme degree of risk, considering the probability and magnitude of the

CERTIFIED COPY

potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Further, Defendants' unconscionable conduct was committed knowingly or intentionally. Plaintiffs, therefore, seek exemplary damages in an amount within the jurisdictional limits of the court.

## IX.

### JURY DEMAND

18.    Plaintiffs request that a jury be convened to try the factual issues in this cause and tender the requisite jury fee commensurate with the filing of this Original Petition.

## X.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiffs be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgement until paid at the highest rate permitted by law, costs of Court, exemplary damages, and for such other and further relief, both at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE EDWARDS LAW FIRM, L.L.P.
802 N. Carancahua, Suite 1400 (78470)

CERTIFIED COPY

P. O. Box 480
Corpus Christi, Texas 78403-0480
Telephone: (361) 698-7600
Fax: (361) 698-7615

By: _____

William R. Edwards, III
State Bar No. 06465010
John Blaise Gsanger
State Bar No. 00786662

ATTORNEYS FOR PLAINTIFFS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
COURT CAMERON COUNTY, TEXAS
DATE 5-31-02

---

## CAUSE NO. 2001-06-2855-G

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
| | § | |
| VS. | § | 404TH JUDICIAL DISTRICT COURT |
| | § | |
| AIRPAX CORPORATION, L.L.C.; | § | |
| AIRPAX CORPORATION; and | § | |
| PHILIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF MICHAEL V. RABASCA

| | |
|---|---|
| COUNTY OF Dorchester | § |
| | § |
| STATE OF MARYLAND | § ss: |

I am the Vice President and Chief Financial Officer of Airpax Corporation, LLC, and by virtue of both my position within the company as well as length of employment with the company, I have personal knowledge of the following facts:

1) Prior to February of 1999, Philips North America Electronics Corporation ("PENAC") wholly owned a company by the name of Airpax Corporation, Inc. Airpax Corporation, Inc. was an inactive company. PENAC also had a division named, Philips Technologies. This division was comprised of numerous "groups", one of which was named the "Airpax Protector Group".

2) In February of 1999, the management of Philips Technologies - Airpax Protector Group, completed a management buy-out of all of the assets of the Airpax Protector Group and formed a new company entitled Airpax Acquisition, LLC. As part of the purchase & sale agreement, Philips North American Electronics Corporation agreed to dissolve its wholly-owned corporation, Airpax Corporation, Inc. After PENAC dissolved Airpax Corporation, Inc.,

> we formally changed our name to Airpax Corporation, LLC. Today, Philips North American Electronics Corporation has no ownership interest or involvement in Airpax Corporation, LLC, nor did they have any ownership interest or involvement with Airpax Corporation, LLC after February of 1999.

Airpax Corporation, LLC, is a Delaware Corporation headquartered in Frederick, Maryland.   Airpax Corporation, LLC, manufacturers circuit breakers of a commercial grade and additionally builds temperature sensing devices. As to the commercial circuit breakers, they are made up of numerous component parts.  Airpax Corporation, LLC, has determined that it is a cost savings to the company to ship component parts for the numerous types of circuit breakers made by Airpax to a "staging center" in Brownsville, Texas.  When the various component parts arrive at the Brownsville facility, they are temporarily inventoried and shipped out by ground transportation to the Airpax de Mexico facility in Matamoros, Mexico.  The Brownsville facility also receives completed circuit breakers from Airpax de Mexico and in turn ships them onto customers.   The Airpax Brownsville facility "adds no value" to the actual assembly of our product.  There are no company officers or high level managers at our Brownsville, Texas facility.  This facility is "supervised" by a manager (US citizen) working at Airpax de Mexico.  Locally in Brownsville there is no one with any decision making responsibilities of any significance.  This is the only facility of Airpax Corporation, LLC located within the entire state of Texas.

Michael V. Rabasca

Sworn to and subscribed before me on this the 6th day of June , 2002.

NOTARY PUBLIC
Printed name: CAROL V. PERRY
My Commission Expires: 4/01/06

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| AIRPAX CORPORATION, L.L.C.; | § | |
| AIRPAX CORPORATION; and | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | **"JURY"** |

### DEFENDANT AIRPAX CORPORATION, L.L.C.'S INDEX OF DOCUMENTS
### BEING FILED WITH THE UNITED STATES DISTRICT COURT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION.

In connection with the removal of the above numbered cause from the 404th Judicial District Court, Cameron County, Texas, Defendant, Airpax Corporation, L.L.C., has filed in connection with the removal of this action all executed process, all pleadings asserting causes of action and all answers to those causes of action, all orders signed by the state judge, an index of matters being filed, and a list of all counsel of record. The specific matters filed are:

1.    List of All Parties;

---

Defendant Airpax Corporation, L.L.C.'s
Index of Documents Being Filed with State Court - Page 1

2.    Civil Cover Sheet JS 44;

3.    List of Counsel of Record;

4.    Certified Copy of State Court's Docket Sheet;

5.    Copy of Plaintiffs' First Amended Petition (Complaint);

6.    Original Answer of Defendant;

7.    Drop Docket Notice;

8.    Copy of Executed Process on Defendant Airpax Corporation,

      L.L.C.;

9.    Copy of Executed Process on Defendant Airpax Corporation; and

10.   Copy of Executed Process on Defendant Philips Electronics North

      America Corporation.

11.   Joinder In Notice of Removal.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Airpax Corporation, L.L.C.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS,
L.L.P.

## CERTIFICATE OF SERVICE

I certify that on June 2ⁿᵈ, 2002, a complete and correct copy of **Defendant Airpax Corporation, L.L.C.'s Index of Documents Being Filed With the United States District Court** was served on each party by delivery to the following attorneys of record in the manner indicated below:

**Via Certified Mail/RRR No. 7001 1940 0005 0592 8148**
Mr. William R. Edwards, III
Mr. John Blaise Gsanger
Edwards Law Firm
P.O. Box 480
Corpus Christi, Texas 78403-0480

**Via Certified Mail/RRR No. 7001 1940 0005 0592 8124**
Mr. Raymond Neuer
Sheehy, Serpe & Ware
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003

F. Edward Barker

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; and MARIA ISABEL LIMAS GARCIA | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. **B-02-122.** |
| AIRPAX CORPORATION, L.L.C.; AIRPAX CORPORATION; and PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION | §<br>§<br>§<br>§ | **"JURY"** |

## LIST OF ALL PARTIES

1.    Plaintiffs - Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda; Elias Limas Garcia, Jr.; Raul Limas Garcia; Jesus Manuel Limas Garcia; Marta Alicia Garcia; Maria Isabel Limas Garcia.

2.    Defendant - Airpax Corporation, L.L.C.

3.    Defendant - Philips Electronics North America Corporation.

   Case is presently pending in the 404th Judicial District Court, Cameron

County, Texas, Cause No. 2001-06-2855-G.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-02-122 . |
| | § | |
| AIRPAX CORPORATION, L.L.C.; | § | |
| AIRPAX CORPORATION; and | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | |

<u>COUNSEL OF RECORD</u>

1.    <u>Attorney-in-Charge for Plaintiffs</u>:

    William R. Edwards, III (Attorney-In-Charge)
    State Bar No. 06465010
    Federal I.D. No. _____
    John Blaise Gsanger
    State Bar No. 00786662
    Federal I.D. No. _____
    The Edwards Law Firm, L.L.P.
    P.O. Box 480
    Corpus Christi, Texas 78403-0480
    **FAX: (361) 698-7615**
    (361) 698-7600

    OF COUNSEL:
    THE EDWARDS LAW FIRM, L.L.P.

2.    <u>Attorney-in-Charge for Defendant Airpax Corporation, L.L.C.</u>

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant Airpax Corporation, L.L.C.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(512) 881-9217; FAX (512) 882-9437

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS, L.L.P.

RUN DATE 05/31/02
RUN TIME 3:46 PM

* * *  C L E R K ' S   E N T R I E S  * * * *

CERTIFIED COPY

04/22/02      PASS TO DROP DOCKET

ELIAS LIMAS

VS

AIRPAX CORPORATION LLC

00582901
RYAN W. GREENE
900 JACKSON, SUITE 310
DALLAS, TEXAS    75202 0000

00544601
F. EDWARD BARKER
555 N. CARANCAHUA ST.
CORPUS CHRISTI, TX    78478 0000

(01)

WRONGFUL DEATH

06/18/01   ORIGINAL PETI
06/18/01   JURY FEE: Pd.
06/19/01   CITATION: AIRF
06/19/01   SERVED:
06/19/01   CITATION: AIRF
06/19/01   SERVED:
04/22/02   DROP DOCKET NO
05/03/02   PLTFS' 1ST AME
05/07/02   CITATION: AIRF
05/07/02   SERVED: 05/
05/07/02   CITATION: AIRF
05/07/02   SERVED: 05/
05/07/02   CITATION: PHIL
           AMERICA CORP.
05/07/02   SERVED: 05/
05/07/02   CITATION: AIRF
05/07/02   SERVED:
05/28/02   ORIGINAL ANSWE

CERTIFIED COPY

CAUSE NO. 2001-06-2855-G

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND | § | IN THE DISTRICT COURT |
| AS EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA LIMAS GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
|     Plaintiffs, | § | |
| | § | 404TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | |
| AIRPAX CORPORATION L.L.C.; | § | |
| AIRPAX CORPORATION; and | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | |
|     Defendants. | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK
MAY 0 3 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now come, Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda, Elias Limas Garcia, Jr., Raul Limas Garcia, Jesus Manuel Limas Garcia, and Maria Isabel Limas Garcia, Plaintiffs, complaining of Defendants Airpax Corporation L.L.C., Airpax Corporation, and Phillips Electronics North America Corporation and for cause of action respectfully state as follows:

### I.

### DISCOVERY LEVEL

1.    Discovery should be conducted under Level Three of T.R.C.P. 190.

### II.

CERTIFIED COPY

## THE PARTIES

2. Elias Limas, in his individual and representative capacity, is an individual residing in Matamoros, Mexico.  Elias Limas is acting as representative of the estate by family agreement.

3.  Elias Limas, Jr. is an individual residing in Matamoros, Mexico.

4.  Raul Limas Garcia, is an individual residing in Matamoros, Mexico.

5.  Jesus Manuel Limas Garcia, is an individual residing in Brownsville, Texas.

6.  Marta Alicia Limas Garcia, is an individual residing in Kansas.

7.  Maria Isabel Limas Garcia, is an individual residing in Matamoros, Mexico.

8.  Defendant, Airpax Corporation L.L.C. is a foreign corporation organized and existing under the laws of the State of Maryland and may be served with process by serving its registered agent for service of process Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701.

9.     Defendant, Airpax Corporation is a foreign corporation organized and existing under the laws of the State of Delaware and may be served with process by serving its registered agent for service of process CT Corporation System, 1601 Elm Street, Dallas, Texas 75201, and by serving its branch office for service of process Airpax Corporation, 468 Regal Row, Suite 127, Brownsville, Texas 78521.

10.     Defendant, Phillips Electronics North America Corporation is a foreign corporation organized and existing under the laws of the State of Delaware and may be

CERTIFIED COPY

served with process by serving its registered agent for service of process Corporation Service Company D/B/A+, 800 Brazos, Austin, Texas 78701.

## III.

### JURISDICTION AND VENUE

11.     Venue is proper in Cameron County as to all Defendants names herein pursuant to §15.002(a) of the Texas Civil Practice & Remedies Code, because, *inter alia,* Cameron County is the county of the Defendants' principal offices in this state.  Jurisdiction is proper pursuant to the appropriate provisions of the Texas Constitution and Texas Government Code.

## IV.

### AGENCY, RESPONDENT SUPERIOR,
### SINGLE BUSINESS ENTERPRISE, AND JOINT ENTERPRISE

12.     Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant, itself or its agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives. With respect to the conduct at issue, all Defendants acted as a single business enterprise and joint enterprise.

## V.

### BACKGROUND FACTS

CERTIFIED COPY

13.    On May 3, 2001, Elias Limas' sixty-two year old wife, Maria Petra Banda was run over and killed by tractor/trailer combination owned, operated, and controlled by Defendants. She was one of two individuals who lost their lives this day due solely to the acts and omissions of the Defendants named herein and their agent truck driver who was at all times germane to the incident in question acting within the course and scope of his employment with the Defendants named herein.

## VI.

## ALLEGATIONS

### Negligence and Gross Negligence

14.    Defendants owed a duty to exercise ordinary care in connection with their operation of the tractor and trailer in question and in the furtherance of their business. Defendants operated a commercial motor vehicle during the incident giving rise to this lawsuit. At all times relevant hereto an employer-employee relationship existed between the Defendants' truck driver and the Defendants. Defendants, acting individually and by and through their agents, employees, and representatives acting within the course and scope of their respective capacities, breached their duties to the decedents and such breach constitutes negligence and gross negligence, which proximately caused the injuries and damages alleged herein.

The Defendants' negligent acts and/or omissions include, but are not limited to, the following:

## CERTIFIED COPY

a.      Operating the tractor/trailer combination at an unreasonable rate of speed or rate of advance under the existing circumstances;

b.      Failing to keep a proper lookout;

c.      Failing to make timely application of his brakes or to otherwise control speed or rate of advance;

d.      Failure to ascertain whether the tractor/trailer driver that killed the individuals at issue was a competent, knowledgeable, and/or qualified driver prior to entrusting the tractor/trailer combination to him;

e.      Failure to maintain an assured clear distance; and

f.      Failing to operate the tractor/trailer combination at issue in an appropriate manner under the existing circumstances.

The negligence of the Defendants described above is and was a proximate cause of the occurrence in question in this case and the injuries sustained by all Plaintiffs named herein.

### VII.

### DAMAGES

15.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs sustained damages due to their beloved wife's and beloved mother's wrongful death in at least the following respects:

a.      Past and future mental anguish;

CERTIFIED COPY

    b.      Past and future loss of consortium and loss of enjoyment of life;

    c.      Loss of household services for Elias Limas; and

    d.      Pre and post-judgment interest.

16.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, The Estate of Maria Petra Banda sustained damages in at least the following respects:

    a.      Past and future mental anguish including but not limited to pre-impact terror;

    b.      Pain and suffering; and

    c.      Funeral and burial expenses.

These damages for personal injury to Maria Petra Banda survive to and in favor of the heirs, legal representative, and estate of the decedent against the liable Corporations and the liable Corporations' representatives.

## VIII.

## EXEMPLARY DAMAGES

17.    For additional causes of action, Plaintiffs re-plead as fully as though set forth in this paragraph all allegations set forth above and alleges that all the acts and omissions on the part of Defendants, taken singularly or in combination, were aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants conduct involved an extreme degree of risk, considering the probability and magnitude of the

CERTIFIED COPY

potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Further, Defendants' unconscionable conduct was committed knowingly or intentionally. Plaintiffs, therefore, seek exemplary damages in an amount within the jurisdictional limits of the court.

## IX.

## **JURY DEMAND**

18.    Plaintiffs request that a jury be convened to try the factual issues in this cause and tender the requisite jury fee commensurate with the filing of this Original Petition.

## X.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiffs be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgement until paid at the highest rate permitted by law, costs of Court, exemplary damages, and for such other and further relief, both at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE EDWARDS LAW FIRM, L.L.P.
802 N. Carancahua, Suite 1400 (78470)

CERTIFIED COPY

P. O. Box 480
Corpus Christi, Texas 78403-0480
Telephone: (361) 698-7600
Fax: (361) 698-7615

By: _____
William R. Edwards, III
State Bar No. 06465010
John Blaise Gsanger
State Bar No. 00786662

ATTORNEYS FOR PLAINTIFFS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
COURT CAMERON COUNTY TEXAS
DATE 5-31-02

---

Plaintiffs' First Amended Petition

CERTIFIED COPY

FILED ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAY 2 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY
Rosie Sotelo

## CAUSE NO. 2001-06-2855-G

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS | § | IN THE DISTRICT COURT |
| EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA; | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA GARCIA; AND | § | |
| MARIA ISABEL LIMAS GARCIA | § | 404TH JUDICIAL DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| AIRPAX CORPORATION, L.L.C.; | § | |
| AIRPAX CORPORATION; AND | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMEs **DEFENDANT, AIRPAX CORPORATION, L.L.C.,** and files this its

Original Answer to the Plaintiffs' First Amended Original Petition filed herein by

**PLAINTIFFS, ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF**

**MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS**

**MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; AND MARIA ISABEL LIMAS**

**GARCIA** and for cause would respectfully show as follows:

I.

Defendant, exercising its legal rights under customary practice and the Texas Rules

of Civil Procedure, denies each and every, all and singular, the allegations contained in

Plaintiffs' causes of action and demands strict proof thereof in accordance with the Texas

Rules of Civil Procedure.

## ORIGINAL ANSWER

CERTIFIED COPY

## II.

As a separate defense, Defendant would further show that on the occurrence in question, the accident was due to the negligence of Plaintiffs and such was a proximate cause of the accident and any injuries or damages claimed by Plaintiffs. Defendant therefore asserts the affirmative defense, if such be necessary, of contributory negligence by Plaintiffs.

## III.

And pleading further, should it be necessary, and in the alternative, Defendant would further show that the accident or any injuries or damages claimed by Plaintiffs were proximately caused by third-persons or instrumentalities over which it had no control.

## IV.

Further answering, Defendant states that there is no longer any entity known as "AIRPAX CORPORATION". That entity was dissolved several years ago when the relationship between Phillips Electronics North America Corporation was terminated.

CERTIFIED COPY

WHEREFORE, PREMISES CONSIDERED, Defendant, prays that Plaintiffs take nothing by their suit and that this Defendant have judgment, for costs of suit, and for general relief to which it may be justly entitled.

Respectfully submitted,

BARKER, LEON, FANCHER
   & MATTHYS, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

F. Edward Barker
State Bar No. 01741000
Attorneys for Defendants,
Airpax Corporation, L.L.P.

## CERTIFICATE OF SERVICE

I, F. Edward Barker, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 22 day of May, 2002.

**CMRRR # 7001 1940 0005 0823 7155**
Mr. William R. Edwards, III
Edwards Law Firm
P.O. Box 480
Corpus Christi, Texas 78403-0480

F. Edward Barker

Original Answer of Defendant - Page 3

CERTIFIED COPY

Cause No. 2001-06-002855-G

| ELIAS LIMAS | In the District Court of |
|---|---|
| VS. | Cameron County, Texas |
| AIRPAX CORPORATION LLC | 404th Judicial District |

DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days.  All motions for reinstatement must contain a motion and proposed order setting hearing to set case for trial.

AURORA DE LA GARZA
DISTRICT CLERK

*Gloria Medrano*

Deputy

Date: 04/22/02
Copies sent to:

RYAN W. GREENE

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DEPUTY

CERTIFIED COPY

Citation for Personal Service - NON-RESIDENT NOTICE      Lit. Seq. # 5.002.01

No. 2001-06-002855-G                    ORIGINAL

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AIRPAX CORPORATION LLC
    REG. AGENT: CORP. SERVICE CO
    800 BRAZOS ST STE 750
    AUSTIN TX 78701

the      DEFENDANT     , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said    AMENDED PETITION    was filed on    MAY 03, 2002   .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-06-002855-G.

The style of the case is:

ELIAS LIMAS
VS.
AIRPAX CORPORATION LLC

Said petition was filed in said court by    HON. WILLIAM R. EDWARDS, III (Attorney for      PLAINTIFF     ), whose address is P.O. DRAWER 480 CORPUS CHRISTI, TX    78403-0480   .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of    MAY   , A.D. 2002.

**CERTIFIED COPY**

R_ _ URN   O F   O F F I C . . .

Came to hand the ___15___ day of ___May___, ___02___, at ___3:49___ o'clock ___P___.M., and

executed (not executed) on the ___16___ day of ___May___, ___02___, by delivering to

___Corporation Service Co. (Agent for)___
___AirFax Corporation & LLC___ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the ___First amended Petition___ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy

Total....... $_____

Fees paid by: _____

Sheriff/constable

Constable Luke W. Mercer
PCT. 1
1811 Springdale Road
Suite 120
Austin, Texas 78721
_____ County,

By _____ Deputy

Corporal Jesse Villalovos
Travis County Constable Precinct One

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAY 3 0 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

Rosie Soteto

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
COURT CAMERON COUNTY, TEXAS
DATE 5-31-02

Citation for Personal Service  - GENERAL                Lit. Seq. # 5.003.01

CERTIFIED COPY

ORIGINAL

No. 2001-06-002855-G


T H E  S T A T E   O F   T E X A S


NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.


TO: AIRPAX CORPORATION
    BRANCH OFFICE,AIRPAX CORP
    468 REGAL ROW STE 127
    BROWNSVILLE,TX  78521


the         DEFENDANT         , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' FIRST AMENDED PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said     AMENDED PETITION     was filed on   MAY 03, 2002   .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-06-002855-G.

The style of the case is:


ELIAS LIMAS
VS.
AIRPAX CORPORATION LLC


Said petition was filed in said court by     HON. WILLIAM R. EDWARDS, III
(Attorney for              PLAINTIFF              ), whose address is
P.O. DRAWER 480 CORPUS CHRISTI, TX   78403-0480                            .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.


The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.


Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  7th  day of    MAY   , A.D. 2002.

R  T U R N   O F   O F F I C  R

Came to hand the _15_ day of _May_, _02_, at _9:00_ o'clock __.M., and (executed) (not executed) on the _15_ day of _May_, _02_, by delivering to _Air Pak Corp / Georgina Rangel_ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _Plaintiffs First Amended Petition_.

Cause of failure to execute this citation is: _____
_____.

FEES serving 1 copy

Total....... $_____

Fees paid by:_____

ABEL PEREZ JR.
Constable Pct. 2
Sheriff/constable  Cameron County County, TEXAS

By _____ Deputy

FILED _9:10_ o'CLOCK _Q_ M
AURORA DE LA GARZA DIST. CLERK

MAY 2 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_Rosie Sotelo_ DEPUTY
Rosie Sotelo

TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
COURT CAMERON COUNTY, TEXAS
5-31-02
DEPUTY

Citation for Personal Service - <u>NON-RESIDENT NOTICE</u>    Lit. Seq. # <u>5.004.01</u>

No. <u>2001-06-002855-G</u>    **ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>PHILLIP ELECTRONICS NORTH AMERICA CORP.</u>
<u>REG. AGENT: CORP. SERVICE CO.</u>
<u>DBA+, 800 BRAZOS</u>
<u>AUSTIN, TX 78701</u>

the _____ <u>DEFENDANT</u> _____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFFS' FIRST AMENDED PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>404th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ <u>AMENDED PETITION</u> _____ was filed on <u>MAY 03, 2002</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2001-06-002855-G</u>.

The style of the case is:

<u>ELIAS LIMAS</u>
<u>VS.</u>
<u>AIRPAX CORPORATION LLC</u>

Said petition was filed in said court by _____ <u>HON. WILLIAM R. EDWARDS, III</u>
(Attorney for _____ <u>PLAINTIFF</u> _____ ), whose address is
<u>P.O. DRAWER 480 CORPUS CHRISTI, TX    78403-0480</u> .

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>7th</u> day of _____ <u>MAY</u> _____ , A.D. <u>2002</u>.

R E T U R N   O F   O F F I C E R — CERTIFIED COPY

Came to hand the _5_ day of _May_ , _02_ , at _3:49_ o'clock _P_.M., and

executed (not executed) on the _16_ day of _May_ , _02_ , by delivering to

_Corporation Service Company (agent for)_
_Phillip Electronics North America Corp_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the ___First Amended Petition___ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County,

Fees paid by: _____        By _____ Deputy

Constable Luke W. Mercer
PCT. 1
1811 Springdale Road
Suite 120
Austin, Texas 78721

Corporal Jesse Villalovos
Travis County Constable Precinct One

FILED _9:8_ O'CLOCK _G_ M
AURORA DE LA GARZA DIST. CLERK

MAY 3 0 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Rosie Sotelo

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE _5-31-02_
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ELIAS LIMAS, INDIVIDUALLY AND §
AS EXECUTOR OF THE ESTATE OF §
MARIA PETRA BANDA; ELIAS LIMAS §
GARCIA, JR.; RAUL LIMAS GARCIA; §
JESUS MANUEL LIMAS GARCIA; §
MARTA ALICIA LIMAS GARCIA; and §
MARIA ISABEL LIMAS GARCIA, §
§
Plaintiffs, §
§
V. § C.A. NO. _____
§
AIRPAX CORPORATION L.L.C.; §
AIRPAX CORPORATION; and §
PHILLIPS ELECTRONICS NORTH §
AMERICA CORPORATION, §
§
Defendants. §

## JOINDER IN NOTICE OF REMOVAL

1.     Defendant Philips Electronics North America Corporation ("PENAC") understands

that Defendant Airpax Corporation, L.L.C. ("Airpax") intends to remove Cause No. 2001-06-2855-

G; *Limas, et al. v. Airpax Corporation, L.L.C., et al.*; in the 404th Judicial District Court of Cameron

County, Texas ("the Lawsuit") from state district court to the United States District Court for the

Southern District of Texas, Brownsville Division.

2.     PENAC consents to and joins in the removal of the Lawsuit by Airpax to federal

court.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

By: _____
      Raymond A. Neuer
      State Bar No. 14928350
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Tel: (713) 951-1000
Fax: (713) 951-1199
*Attorney for Defendant*
*Philips Electronics North America Corporation*

OF COUNSEL:

SHEEHY, SERPE & WARE, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Tel: (713) 951-1000
Fax: (713) 951-1199

=ODMA\MHODMA\IManage::596424;1