4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court



| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND | § | |
| AS EXECUTOR OF THE ESTATE OF | § | |
| MARIA PETRA BANDA; ELIAS LIMAS | § | |
| GARCIA, JR.; RAUL LIMAS GARCIA | § | |
| JESUS MANUEL LIMAS GARCIA; | § | |
| MARTA ALICIA LIMAS GARCIA; and | § | |
| MARIA ISABEL LIMAS GARCIA | § | |
|    Plaintiffs, | § | |
| | § | |
| V. | § | C.A. NO. 1:02cv122 |
| | § | (JURY TRIAL DEMANDED) |
| AIRPAX CORPORATION L.L.C.;. | § | |
| AIRPAX CORPORATION; and | § | |
| PHILLIPS ELECTRONICS NORTH | § | |
| AMERICA CORPORATION | § | |
|    Defendants. | § | |

**ORIGINAL ANSWER OF PHILIPS ELECTRONICS
NORTH AMERICA CORPORATION
TO PLAINTIFFS' FIRST AMENDED PETITION**

Defendant Philips Electronics of North America Corporation. ("Philips") files this Original Answer to Plaintiffs' First Amended Petition and would show the Court the following:

1. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 1 of Plaintiff's First Amended Petition and, therefore, denies same.

2. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 2 of Plaintiffs' First Amended Petition and, therefore, denies same.

3. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 3 of Plaintiffs' First Amended Petition and, therefore, denies same.

4. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 4 of Plaintiffs' First Amended Petition and, therefore, denies same.

Case 1:02-cv-00122    Document 4    Filed in TXSD on 06/17/2002    Page 2 of 5

5. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 5 of Plaintiffs' First Amended Petition and, therefore, denies same.

6. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 6 of Plaintiffs' First Amended Petition and, therefore, denies same.

7. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 7 of Plaintiffs' First Amended Petition and, therefore, denies same.

8. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 8 of Plaintiffs' First Amended Petition and, therefore, denies same.

9. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 9 of Plaintiffs' First Amended Petition and, therefore, denies same.

10. Philips is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 10 of Plaintiffs' First Amended Petition.

11. Philips denies the averments contained in Paragraph 11 of Plaintiffs' First Amended Petition, and, to the extent this case is ever remanded to state court, Philips requests transfer of this case from Cameron County, Texas pursuant to Texas law.

12. Philips denies the averments contained in Paragraph 12 of Plaintiffs' First Amended Petition.

13. Philips denies the averments contained in Paragraph 13 of Plaintiffs' First Amended Petition.

14. Philips denies the averments contained in Paragraph 14 of Plaintiffs' First Amended Petition.

15. Philips denies the averments contained in Paragraph 15 of Plaintiffs' First Amended Petition.

16. Philips denies the averments contained in Paragraph 16 of Plaintiffs' First Amended Petition.

17. Philips denies the averments contained in Paragraph 17 of Plaintiffs' First Amended Petition.

18. Plaintiffs do not allege any facts in Paragraph 18 of their First Amended Petition to which Philips is required to submit an admission or denial.

19. Philips denies that Plaintiff are entitled to the relief sought from Philips as outlined in Plaintiffs' prayer.

**AFFIRMATIVE DEFENSES**

20. Plaintiffs have failed to state a claim on which relief can be granted.

21. Plaintiffs' damages, if any, were proximately caused in whole or in part by the acts or omissions of negligence of Maria Petra Banda. Plaintiffs' damages, if any, should be reduced or barred by the doctrine of comparative negligence.

22. Philips denies that it is in any way responsible for the conduct of the driver of the truck involved in the accident forming the basis of this case. Philips had no corporate relationship with Airpax Corporation, LLC at the time of the accident forming the basis of this case and cannot in any way be held responsible for any conduct on the part of an Airpax Corporation, LLC and/or its employees.

23. Philips denies that it owed Maria Petra Banda any duty on the day of the accident.

24.     In the alternative, Plaintiffs' pleads that the accident was unavoidable, as that term is understood under Texas law.

25.     Philips denies that venue is proper.

26.     Philips denies that this Court has jurisdiction over its person or proprety.

27.     Philips denies that Plaintiffs are entitled to exemplary damages from Philips. The imposition of exemplary damages in this case would be unconstitutional in that it would violate the United States and Texas constitutions.

28.     Philips pleads that Texas law is inapplicable to this case given the facts and circumstances surrounding the accident in question.

29.     Philips pleads that this case should be dismissed under the federal forum non-conveniens doctrine.

30.     The accident made the basis of this case was caused in whole or in part by the acts or omissions of third parties over whom Philips had no control or right of control.

31.     Plaintiffs' claims, if any, are barred in whole or in part by accord and satisfaction.

32.     Plaintiffs' claims, if any, are barred in whole or in part by *res judicata* or collateral estoppel.

WHEREFORE, PREMISES CONSIDERED, Defendant Philips Electronics of North America Corporation. respectfully requests that the Court grant it a take nothing judgment and costs of court. Furthermore, Defendant Philips Electronics of North America Corporation respectfully requests all other relief, legal or equitable, general or special, to which it may show itself justly entitled.

Respectfully submitted,

SHEEHY, SERPE & WARE, P.C.

By: _____
Raymond A. Neuer
State Bar No. 14928350
2500 Two Houston Center   Fed. I.D. 11085
909 Fannin Street
Houston, Texas 77010
Tel: (713) 951-1000
Fax: (713) 951-1199

***Attorney for Defendant***
***Philips Electronics of North America***
***Corporation***

OF COUNSEL:

SHEEHY, SERPE & WARE, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
Tel: (713) 951-1000
Fax: (713) 951-1199

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record in accordance with the Federal Rules of Civil Procedure on this the 14th day of June, 2002.

_____
Raymond A. Neuer

::ODMA\MHODMA\iManage;596994;1