United States District Court
Southern District of Texas
FILED

JUL 1 0 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; and MARIA ISABEL LIMAS GARCIA, | § § § § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. B-02-122 |
| AIRPAX CORP., L.L.C.; AIRPAX CORP.; and PHILIPS ELECTRONICS NORTH AMERICA CORP., | § § § § § § | |
| Defendants. | § | "JURY" |

## ALL PLAINTIFFS' MOTION FOR IMMEDIATE REMAND

Pursuant to 28 U.S.C. §1447(c), Elias Limas, et al., file All Plaintiffs' Motion for Immediate Remand and ask this Court to remand this cause to the 404th District Court of Cameron County, Texas, where it was originally filed, and would show the Court as follows:

### INTRODUCTION

1.  This case rises from the death of Maria Petra Banda, who was killed when she was run down by an Airpax Corp., L.L.C. truck while she was crossing the street. The Plaintiffs in this case are the heirs, beneficiaries, estate, and family members of the late Mrs. Banda.

## THE BURDEN OF PROVING JURISDICTION IS ON THE REMOVING PARTY

2.  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). When considering whether the case is subject to federal jurisdiction, the court should consider the state court petition and construe any ambiguities in the law or the facts against removal because the removal statute is strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). Because the claim of federal jurisdiction in this case is based exclusively on diversity, Airpax Corp. L.L.C. was required to prove both (1) complete diversity of citizenship and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Airpax Corp., L.L.C. has failed to prove either the diversity of citizenship or the requisite amount in controversy.

## AIRPAX CORP., L.L.C. DID NOT PROVE COMPLETE DIVERSITY

3.  Airpax Corp., L.L.C. admits that it does business through a "staging center" located in Brownsville, Texas. *See Aff. Rabasca*, p. 2 (Ex. B to *Not. Removal*). Under Texas law, the business designation "L.L.C." means that the business entity is operating as a limited liability company. *See* Tex. Rev. Civ. Stat. Ann. art. 1528n, § 2.03(a)(1) (Vernon Supp. 2002). For determining citizenship for purposes of federal diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members —

an L.L.C. is considered a citizen of every state in which its members are citizens. *See, e.g., Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990); *Handelsman v. Bedford Vill.* 213 F.3d 48, 51-52 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1292 (5th Cir.1992). Unlike an ordinary corporation, a company doing business as an L.L.C. "is not a citizen of the state in which it was organized unless one of its members is a citizen of that state." *Hale v. MasterSoft Int'l Pty., Ltd.*, 93 F.Supp.2d 1108, 1112 (D. Co. 2000) (citing *Cosgrove*, 150 F.3d at 731; *Keith v. Black Diamond Advisors, Inc.*, 48 F.Supp.2d 326, 329-30 (S.D.N.Y. 1999); *JMTR Enter., LLC v. Duchin*, 42 F.Supp.2d 87, 93-94 (D. Mass. 1999); *International Flavors & Textures, LLC v. Gardner*, 966 F.Supp. 552, 554-55 (W.D. Mich. 1997).

4.      In this case, Airpax Corp., L.L.C. has neither identified its members nor attempted to establish the citizenship of its members; instead, Airpax Corp., L.L.C. incorrectly attempts to base its citizenship on the place where it was organized. Under all of the leading authorities, this cannot suffice as proof of diversity of citizenship. Moreover, Airpax Corp. is registered with the Federal Motor Carrier Safety Administration as being located in Brownsville, Texas. *See Aff. Gsanger* (authenticating U.S. government registration, attached as Ex. 1). Under these circumstances, there is no complete diversity of citizenship, and this removal also violates 28 U.S.C. § 1441(b). *See Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996).

**AIRPAX CORP., L.L.C. DID NOT PROVE THE AMOUNT IN CONTROVERSY**

5.      In contrast to most cases where the removing party unequivocally asserts that the amount in controversy exceeds $75,000, in this case Airpax Corp., L.L.C. *admits* that it "intends to argue that Mexican law governs all damage issues in this case" and *admits* "[i]f Mexican law is applied, the amount recovered may not exceed $75,000 per plaintiff." *See Not. Removal*, p. 3. Plaintiffs agree that their claims will not meet the requisite amount in controversy under Mexican law. When the Fifth Circuit previously considered a case where meeting the amount in controversy would depend on the choice of law, the court suggested it would be necessary to resolve the choice of law unless it could determine that the case would meet the amount in controversy requirement under both jurisdictions' laws. *See Etheridge v. Piper Aircraft* Corp., 559 F.2d 1027, 1028 (5th Cir. 1977) ("It is unnecessary for us to decide the choice of law problem, because we are satisfied that the amount in controversy is satisfied under both the law of Georgia as well as the law of Florida."). This Fifth Circuit rule is consistent with the holdings of other courts which, when determining whether claims meet the amount in controversy requirement in the context of a conflict of law, require that the party asserting jurisdiction must show the claims meet the amount in controversy under the *applicable* law. *See Cinalli v. Kane*, 191 F.Supp.2d 601, 607 (E.D. Penn. 2002); *Schaefer v. Aetna Life & Cas. Co.*, 910 F.Supp. 1095, 1098-99 (D. Md. 1996). None of the amount-in-controversy cases cited by Airpax Corp., L.L.C. involve any conflict in laws that would be dispositive of the amount-in-controversy issue.

6. In this case, Airpax Corp., L.L.C. has failed to meet its burden of showing that the claims in this case meet the amount in controversy under the applicable law. In fact, Airpax Corp., L.L.C. has wholly failed to show what law applies to this case, although no party contends that the claims will meet the jurisdictional amount in controversy requirement if Mexican law applies. Because there are unresolved issues necessary to determine whether the removal was provident in light of this Court's requisite jurisdictional amount in controversy, those issues must be resolved in favor of remand. *See Acuna*, 200 F.3d at 339; *Cavallini*, 44 F.3d at 259.

## OBJECTIONS

7. In addition to Plaintiffs' objection that this removal violates 28 U.S.C. § 1441(b), in paragraph 4 above, Plaintiffs further object that the Affidavit of Michael V. Rabasca is wholly conclusory.

## CONCLUSION

8. For the foregoing reasons, Plaintiffs respectfully request that this Court immediately grant the motion to remand this suit to the 404th District Court of Cameron County, Texas, where it was originally filed, and award Plaintiffs their court costs, expenses, and attorney fees.

Respectfully submitted,

By: _____
Attorney-in-charge
John Blaise Gsanger
State Bar No.: 00786662
Federal I.D. No.: 20883
802 N. Carancahua, Suite 1400
P.O. Box 480
Corpus Christi, Texas 78403-0480
Telephone: (361) 698-7600
Facsimile: (361) 698-7615

OF COUNSEL:

William R. Edwards
State Bar No. 06465000
Federal I.D. No.: 666
William R. Edwards, III
State Bar No.: 06465010
Federal I.D. No.: 7588
THE EDWARDS LAW FIRM, L.L.P.
802 N. Carancahua, Suite 1400
P.O. Box 480
Corpus Christi, Texas 78403-0480
Telephone: (361) 698-7600
Facsimile: (361) 698-7615

ATTORNEY IN CHARGE FOR PLAINTIFFS, Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda; Elias Limas Garcia, Jr.; Raul Limas Garcia; Jesus Manuel Limas Garcia; Marta Alicia Garcia; and Maria Isabel Limas Garcia

## CERTIFICATE OF CONFERENCE

      I, the undersigned attorney for all Plaintiffs, spoke with Mr. F. Edward Barker, counsel for Defendant Airpax Corp., L.L.C., on this 10th day of July, 2002, and confirmed that All Plaintiffs' Motion for Immediate Remand is opposed.

_____
John Blaise Gsanger

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing All Plaintiffs' Motion for Immediate Remand has been forwarded to all counsel of record on this 10th day of July, 2002, by the method of service indicated below.

_____
John Blaise Granger

| | |
|---|---|
| Mr. F. Edward Barker<br>BARKER, LEON, FANCHER<br>   & MATTHYS, L.L.P.<br>Tower II, Suite 1200<br>555 N. Carancahua St.<br>Corpus Christi, Texas 78478<br>Facsimile: (361) 882-6590 | VIA CM/RRR #7002 0460 0000 6540 1328 |
| Mr. Raymond A. Neuer<br>SHEEHY, SERPE & WARE<br>2500 Two Houston Center<br>909 Fannin St.<br>Houston, Texas 77010-1003<br>Facsimile: (713) 951-1199 | VIA CM/RRR #7002 0460 0000 6540 1335 |

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; and MARIA ISABEL LIMAS GARCIA, § § § § § § § § Plaintiffs, § § V. § § AIRPAX CORP., L.L.C.; AIRPAX § CORP.; and PHILIPS ELECTRONICS § NORTH AMERICA CORP., § § § § Defendants. § | | CIVIL ACTION NO. B-02-122<br><br>"JURY" |

## AFFIDAVIT OF JOHN BLAISE GSANGER

BEFORE ME, the undersigned authority, on this date personally appeared John Blaise Gsanger, who, being by me duly sworn, deposed and stated as follows:

"My name is John Blaise Gsanger. I am of sound mind. I am over eighteen (18) years of age, and I have never been convicted of a felony crime or other crime involving moral turpitude. I am fully competent to make this affidavit. The following facts are true and correct and are within my personal knowledge."

"I am an attorney licensed to practice law in the State of Texas. I am an attorney with The

EXHIBIT _1_

Edwards Law Firm, L.L.P., which has been representing Elias Limas, et al., in the cause of action styled as *Elias Limas, et al. v. Airpax Corp., L.L.C., et al.*, Cause No. 2001-06-2855-G in the 404th Judicial District Court, in Cameron County, Texas" removed as Civil Action No. B-02-122 in the United States District Court, Southern District of Texas, Brownsville Division.

"In the course of my duties in this case, I have asserted that Defendant Airpax Corp., is located in Brownsville, Texas based in part on the official governmental record of the registration with the Federal Motor Carrier Safety Administration of the company listed as the owner of the truck at issue in this case. I attached and incorporated into this affidavit a true and correct copy of the information downloaded from the official governmental Federal Motor Carrier Safety Administration (FMCSA) website located at http://www.fmcsa.dot.gov/, which provides carrier safety data to the public. The Safety and Fitness Electronic Records (SAFER) System, a link on the FMCSA website located at http://www.safersys.org/, makes it possible to offer this information electronically. The attached official governmental registration information was downloaded by the undersigned witness as provided to the public through this internet website on July 10, 2002.

"Further affiant sayeth not."

_____
John Blaise Gsanger

SUBSCRIBED AND SWORN TO before me on this 10th day of July, 2002.

_____
NOTARY PUBLIC, STATE OF TEXAS



My Commission Expires: 10-22-03

---



*Possible Keyword Matches*

| CARRIER/DBA NAME | LOCATION |
| --- | --- |
| AIRPAX CORPORATION | BROWNSVILLE, TX |



Copyright © 2000 Federal Motor Carrier Safety Administration (FMCSA)
Others may use by reference.





SAFER Safety and Fitness Electronic
Records Office Motor Carrier Safety

# Carrier Snapshot
**AIRPAX CORPORATION**
USDOT Number: 669800

**ID/Operations | Inspections/Crashes | Safety Rating | Insurance**

**Other Information for this Carrier**

- SafeStat Results
- Licensing & Insurance

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office.

**Carriers and other users:** If you would like to request more detailed information in the form of a MCMIS Carrier Profile please call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature click here.

**The information below reflects the content of the FMCSA management information systems as of 07/06/2002.**

| | | | |
|---|---|---|---|
| **Entity Type:** | Carrier | **Status:** | Active |
| **Legal Name:** | AIRPAX CORPORATION | | |
| **DBA Name:** | | | |
| **Physical Address:** | 468 REGAL ROW STE 127 BROWNSVILLE, TX 78521 | | |
| **Phone:** | (956) 541-9473 | | |
| **Mailing Address:** | 468 REGAL ROW STE 127 BROWNSVILLE, TX 78521 | | |
| **USDOT Number:** | 669800 | **State Carrier ID Number:** | |
| **MC or MX Number:** | | **DUNS Number:** | -- |
| **Power Units:** | 2 | **Drivers:** | 1 |
| **MCS-150 Form Date:** | | **MCS-150 Mileage (Year):** | 1,622 () |

**Operation Classification:**

| | | |
|---|---|---|
| Auth. For Hire | Priv. Pass.(Non-Migrant) | State Gov't |
| Exempt For Hire | | Local Gov't |
| X Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. | Fed. Gov't | |

**Carrier Operation:**

| | | |
|---|---|---|
| X Interstate | Intrastate Only | Intrastate Only (Non- |

**HM Shipper Operation:**

| | |
|---|---|
| Interstate | Intrastate |

**Cargo Carried:**

| | | |
|---|---|---|
| X General Freight | Liquids/Gases | Chemicals |
| Household Goods | Intermodal Cont. | Commodities Dry Bulk |
| Metal: sheets, coils, rolls | Passengers | Refrigerated Food |
| Motor Vehicles | Oilfield | Beverages |
| Drive/Tow away | Livestock | Paper Products |

| Logs, Poles, Beams, Building Materials | Grain, Feed, Hay | Utilities |
| Mobile Homes | Coal/Coke | Agricultural/Farm |
| Machinery, Large Objects | Meat | Construction |
| Fresh Produce | Garbage/Refuse | Water Well |
| | US Mail | |

### ID/Operations | Inspections/Crashes | Safety Rating | Insurance

**Inspection results for 24 months prior to: 07/06/2002**

Total inspections: 19
**Note:** Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Click here for further information.

**Inspections:**

| Inspection Type | Vehicle | Driver | Hazmat |
|---|---|---|---|
| Inspections | 19 | 19 | 0 |
| Out of Service | 1 | 0 | 0 |
| Out of Service % | 5.3% | 0% | 0% |
| Nat'l Average %(2000) | 23.7% | 8.0% | 6.1% |

**Crashes reported to FMCSA by states for 24 months prior to: 07/06/2002**

**Crashes:**

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

### ID/Operations | Inspections/Crashes | Safety Rating | Insurance

**Carrier Safety Rating:**

**The rating below is current as of: 07/06/2002**

**Review Information:**

| Rating date: | None | Review Date: | None |
|---|---|---|---|
| Rating: | None | Type: | None |

### ID/Operations | Inspections/Crashes | Safety Rating | Insurance

*Operating Authority and Insurance Information is updated nightly.*

http://www.safersys.org/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=US 7/10/2002

*For the most current information, go to* **FMCSA Licensing & Insurance site.**

*** **No Insurance Information on record in SAFER for this carrier/shipper.** ***
*** **This does not necessarily mean that the carrier does not** ***
*** **have operating authority or insurance.** ***



Copyright © 2000 Federal Motor Carrier Safety Administration (FMCSA)
Others may use by reference.