United States District Court
Southern District of Texas
FILED

JUL 1 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; and MARIA ISABEL LIMAS GARCIA | § § § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-02-122 |
| AIRPAX CORPORATION, L.L.C.; AIRPAX CORPORATION; and PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION | § § § § § | "JURY" |

**DEFENDANT, AIRPAX CORPORATION, L.L.C.'S, RESPONSE TO PLAINTIFFS'
MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Airpax Corporation, L.L.C. and makes and files this its response to Plaintiffs' Motion to Remand and respectfully shows as follows:

1.      The Plaintiffs assert two separate arguments in their Motion to Remand. First, they assert that there is not a complete diversity between the parties, that is to say that in order for diversity under 28 U.S.C. §1332 to be complete, each Plaintiff must have citizenship different from that of each Defendant. [**Strawbridge vs. Curtiss**, 7 U.S. (3 Cranch) 267, 2 L.Ed.435, (1806); **Powell vs. Offshore Navigation, Inc.**, 644 F.2d 1063 (5th Cir.) cert.

denied 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981)(emphasis added). Secondly, they assert that the jurisdictional amount of damages in controversy, $75,000.00 per Plaintiff, pursuant to 28 U.S.C. §1332, has not been satisfied.

In determining whether a case has been properly removed, it is the Defendant who bears the burden of proving the jurisdiction of the court. [*Gaitor vs. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir.1961); see also 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE §§ 3739 (1985) ("The burden is on the party seeking to preserve the removal, not the party moving for remand.")

In this response the Defendant, Airpax Corporation, L.L.C., will deal first with the allegation that it failed to justify the jurisdictional amount of damages in controversy per Plaintiff.

2.  **The Amount in Controversy Is Facially Apparent .** If, as in this suit, the state court petition does not allege any specific damage amount, the Defendant must allege and "bears the burden of actually proving facts to support.... the [requisite] jurisdictional amount." *(Gaus vs. Miles, Inc.* , 980 F.2d 564, 567 (9th Cir.1992); see also *McNutt vs. General Motors Acceptance Corp,* 298 U.S. 178, 189, 56 S.Ct.780, 785, 80 L.Ed. 1135(1936).

The Defendant's standard of proof depends upon the allegations in the state court petition. When there is no total amount of dollar damages plead, as in the case *sub judice*, the Defendant's Burden of Proof differs depending upon the nature of the claims. The Fifth Circuit has adopted a two-step test when a Plaintiff either pleads a specific sum under $75,000.00 or does not plead a dollar amount at all. <u>**Carnahan vs. Southern Pacific Railroad Transportation Co.,**</u> 914 F.Supp. 1430 (E.D.Tex.1995). First, if it is "facially apparent" from the state court petition that the amount in controversy is **likely to exceed** $75,000.00 then the Defendant need only point this out to successfully bear its burden. On the other hand, if such a determination is not apparent, then the Defendant must prove by a "preponderance of the evidence" the jurisdictional facts in question. <u>**De Aguilar vs. Boeing Co.,**</u> 11 F.3rd 55, 58 (5th Cir.1993) (known as DeAguilar I); <u>**Allen vs. R&H Oil & Gas Co.**</u>, 63 F.3rd . 1326, 1336(5th Cir.), *reh'g denied,* (finding that *De Aguilar I* established that a party seeking removal of action that does not allege a specific amount need only prove the jurisdictional amounts by a preponderance of the evidence").

In this cause, it is facially apparent that the amount in controversy is likely to exceed $75,000.00. Plaintiffs' petition herein establishes that this is a **wrongful death** action against the Defendant Airpax, L.L.C. and Philips Electronics North America Corporation in which **exemplary damages** are sought.

Indeed, Plaintiffs' petition recites:

13.  "On May 3, 2001, Elias Limas' sixty-two year old wife, Maria Petra Banda was run over and killed by a tractor/trailer combination owned, operated and controlled by Defendants.

She was one of two individuals who lost their lives this day due solely to the acts and omissions of the Defendants named herein and their agent truck driver who was at all times germane to the incident in question acting within the course and scope of his employment with the Defendants named herein."

## VI.
## Allegations
## Negligence and Gross Negligence

14. "Defendants owed a duty to exercise ordinary care in connection with their operation of the tractor trailer in question and in the furtherance of their business. Defendants operated a commercial motor vehicle during the incident giving rise to this lawsuit. At all times relevant hereto an employer-employee relationship existed between the Defendants' truck driver and the Defendants. Defendants, acting individually and by an through their agents, employees, and representatives acting within the course and scope of their respective capacities, breached their duties to the decedents and such breach constitutes negligence and gross negligence, which proximately caused the injuries and damages alleged herein".

    The Defendants' negligent acts and/or omissions include, but are not limited to, the following:

    A. Operating the tractor/trailer combination at an unreasonable rate of speed or rate of advance under the existing circumstances;

    B. Failing to keep a proper lookout;

    C. Failing to make a timely application of his brakes or to otherwise control speed or rate of advance;

    D. Failure to ascertain whether the tractor/trailer driver that killed the individuals at issue was a competent, knowledgeable, and/or qualified driver prior to entrusting the tractor/trailer combination to him;

    E. Failure to maintain an assured clear distance; and

  F. Failing to operate the tractor/trailer combination at issue in an appropriate manner under the existing circumstances.

The negligence of the Defendants described above is and was a proximate cause of the occurrence in question in this case and the injuries sustained by all Plaintiffs named herein.

## VII.
## Damages

15. "As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs sustained damages due to their beloved wife's and beloved mother's wrongful death in at least the following respects":

  A. Past and future mental anguish;

  B. Past and future loss of consortium and loss of enjoyment of life;

  C. Loss of household services for Elias Limas; and

  D. Pre and post judgment interest;

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, The Estate of Maria Petra Banda sustained damages in at least the following respects:

  A. Past and future mental anguish including but not limited to pre-impact terror;

  B. Pain and suffering; and

  C. Funeral and burial expenses.

These damages for personal injury to Maria Petra Banda survive to and in favor of the heirs, legal representative, and estate of the decedent against the liable Corporations and the liable Corporations' representatives.

## VIII.
## EXEMPLARY DAMAGES

17. "For additional causes of action, Plaintiffs re-plead as fully as though set forth in this paragraph all allegations set forth above and alleges that all the acts and omissions on the part of Defendants, taken singularly or in combination, were aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Defendants conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Further, Defendants' unconscionable conduct was committed knowingly or intentionally. Plaintiffs, therefore, seek exemplary damages in an amount within the jurisdictional limits of this court."

Further, in the prayer for relief, Plaintiffs pray the court award them the damages set forth above and which are

"in a sum in excess of the minimum jurisdictional limits of the state court, pre-judgment interest at the highest rate permitted by law; post judgment interest from the date of judgment until paid by the highest rate permitted by law, costs of court, exemplary damages and other and further unknown and unnamed relief."

In effect, the Plaintiffs have plead that the Defendant, Airpax, L.L.C., is consciously indifferent to the death of Plaintiffs' decedent and willfully intended such death with malice. As the Federal District Court in the Eastern District of Texas has so aptly stated in the past;

> "Although some outside the field of law may not believe that it is facially apparent in this case that the amount in controversy will be at least $50,000.00, common experience does inform the court that this case will involve an amount in controversy exceeding $50,000.00. In today's legal climate, whenever exemplary damages are sought in a products liability case from a corporate defendant, $50,000.00 certainly is not a high-end award."
> **Cross vs. Bell Helmets,** USA, 927 F. Supp.209, 214-215 (E.D.Tex.1996)

Of course, this discussion in the **CROSS** case took place at a time when the jurisdictional amount was $50,000.00 and involved a products liability situation. The instant cause is allegation of wilful, intentional, wrongful death of a wife and a mother. In that instance, in Cameron County, Texas and certainly throughout the lower Rio Grande Valley of Texas, $75,000.00 under those allegations is certainly not a high-end award.

3.  **Plaintiffs have not met their burden of proof**. Once Defendants have established that the amount in controversy exceeds the jurisdictional threshhold required by 28 U.S.C. § 1332, Plaintiffs bear the burden to prove "to legal certainty" that their sum is really for less than the jurisdictional amount. **Maley vs. Design Benefits Plan, Inc.** 125 F.Supp.2d 197, 199 (E.D.Tex.2000). Plaintiffs have apparently attempted to do so by arguing that Defendants have admitted the amount in controversy requirement has not been met because of their reference to the Notice of Removal that Mexican law should apply and that the application of Mexican law to this controversy would limit Plaintiffs' recovery of $75,000.00 or less. Such argument is without merit.

The amount in controversy is determined from the Plaintiffs' point of view and assumes the success of all claims and the failure of all defenses. **_Glenwood Light & Water Co. vs. Mutual Light, Heat & Power, Co._**, 239 U.S. 121, 60 L.Ed. 174, 36 S.Ct. 30, 32 (1915). Further, post-removal events cannot deprive a court of jurisdiction once it has attached. **_St. Paul Mercury Indemnity Co. vs. Red Cab Co._**. 302 U.S. 283, 58 S.Ct.,586, 82 L.Ed. 845 (1938); **_Marcel vs. Pool Co._**, 5 F.3d 81, 84 (5th Cir.1993); **_Asociacion Nacional vs. Dow Quimica_**, 988 F.2nd 559, 565 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct.685, 126 L.Ed.2d 653 (1994). Thus, although the application of Mexican law could work to limit Plaintiffs' recovery, so would a jury's failure to find liability against these or other Defendants herein. As noted by the Court, in *Maley*, 125 F.Supp.2d at 199: "Although the Court is not certain that Plaintiffs will recover more than $75,000.00 (or anything for that matter), from the face of the state court petition, **it is more likely than not that Plaintiffs' claims exceed the jurisdictional amount.**" [emphasis applied].

Thus, the Court must confine its inquiry to the facts as they existed at the time of the removal to determine subject matter jurisdiction. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction. **_St. Paul Mercury Indemnity Co._** 303 U.S. 283, at 290, 58 S.Ct.,586 at 591. Therefore, subsequent application of Mexican law to this controversy in this court will not deprive the court of subject matter jurisdiction.

Lastly, Plaintiffs could easily erase all controversy concerning this issue merely by attaching to their Motion for Remand, a sworn Affidavit that the damages that they seek are below the minimum amount of $75,000.00. [*De Aguilar I*, 11 F.3rd at 57; see also *S.W.S. Erectors*, 72 F.3rd at 492.] It should be noted that the Plaintiffs did not contest removal with such a sworn Affidavit.

4.   **Complete diversity exists**. Plaintiffs second argument for remand is that complete diversity does not exist as required by 28 U.S.C. § 1332. Plaintiffs assert that an L.L.C. Corporation such as Airpax Corp., L.L.C. has as its citizenship for purposes of federal diversity jurisdiction not the place where it was organized but rather by the citizenship of each of its stockholders/members. Plaintiffs are in error.

5.   It should be noted that the Plaintiffs did not sue each of the members of Airpax Corp., L.L.C. but rather in their original Petition [Paragraph VIII] declared that Defendant, "Airpax Corporation, L.L.C. is a **foreign corporation** organized and existing under the laws of Maryland and may be served with process by serving its registered agent for service of process Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701." Paragraph IX of Plaintiffs' Original Petition states "Defendant Airpax Corporation is a **foreign corporation,** organized and existing under the laws of the state of Delaware and may be served with process by serving its registered agent for service of process, CT Corporation System, 1601 Elm Street, Dallas, Texas 75201... " Plaintiffs by their action have waived any objection to diversity by having first plead the diversity themselves. Plaintiffs have presented no evidence contrary to the Defendant's pleadings, nor any

evidence of diversity in fact contrary to its own pleadings. Further, Plaintiffs have not presented any affidavits from anyone attached to the Notice for Removal reflecting contrary information or alleging that any defendant is a citizen of the state or of the same state of any Plaintiffs. Lastly, the authorities offered by Plaintiff, for the most part deal with unincorporated associations and not entities actually formed as a legitimate corporation, such as Airpax, L.L.C.

As to "Airpax Corporation" Plaintiffs attempt to demonstrate that there is some document registered with the Federal Motor Carrier Safety Administration indicating a "Airpax Corporation" [different from Airpax Corp., L.L.C.] located in Brownsville, Texas. On the other hand, that issue has been dealt with in a straight forward manner by the Affidavit of Michael Rabasca attached to the Notice for Removal in which Mr. Rabasca affirmatively proclaims that

> "(2) in February of 1999, the management of Philips Technologies - Airpax Protector Group, completed a management buy-out of all of the assets of the Airpax Protector Group and formed a new company entitled Airpax Acquisition, L.L.C.. As part of the purchase and sale agreement, Philips North American Electronics Corporation agreed to dissolve its wholly owned corporation, Airpax Corporation, Inc. **After Penac dissolved Airpax Corporation, Inc.**, we formally changed our name to Airpax Corporation, L.L.C. Today, Philips North American Electronics Corporation has no ownership or involvement in Airpax Corporation, L.L.C. nor did they have any

ownership or involvement interest with Airpax Corporation, L.L. C. after February, 1999." An entity simply known as "Airpax Corporation" no longer exists, and has not existed since shortly after February of 1999."

In as much as that is the case, the information contained in Plaintiffs' Motion to Remand and in the Affidavit of Mr. John Gsanger is of no relevance for purposes of remand. At this time therefore, Defendant has shown a complete diversity exists and Plaintiffs' argument fails because Plaintiffs cannot demonstrate to the court that both Plaintiffs and a proper defendant, properly served and joined and over whom this court has *in personam* jurisdiction, are not in complete diversity.

6.   This court has subject matter jurisdiction over this cause of action. Defendants herein have sustained their burden to prove that this case was removable pursuant to 28 U.S.C. § 1332 at the time the Defendants removed the cause to this honorable court. Defendants therefore respectfully request that the court deny Plaintiffs' Motion to Remand.

WHEREFORE, PREMISES CONSIDERED, Airpax Corporation, L.L.C. request that the court deny Plaintiffs' Motion to Remand and for such other and further relief, general, special, legal and equitable for which they might be entitled.

Respectfully submitted,

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Attorney-in-Charge for Defendant
Airpax Corporation, L.L.C.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(361) 881-9217; FAX: (361) 882-6590

OF COUNSEL:
BARKER, LEON, FANCHER & MATTHYS, L.L.P.

**CERTIFICATE OF SERVICE**

I, F. Edward Barker, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 15 day of July, 2002.

**Via Certified Mail/RRR No. 7001 1940 0005 0775 1041**
Mr. William R. Edwards, III
Mr. John Blaise Gsanger
Edwards Law Firm
P.O. Box 480
Corpus Christi, Texas 78403-0480

**Via Certified Mail/RRR No. 7001 1940 0005 0775 1034**
Mr. Raymond A. Neuer
Sheehy, Serpe & Ware
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003

F. Edward Barker