United States District Court
Southern District of Texas
FILED

OCT 1 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELIAS LIMAS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MARIA PETRA BANDA; ELIAS LIMAS GARCIA, JR.; RAUL LIMAS GARCIA; JESUS MANUEL LIMAS GARCIA; MARTA ALICIA GARCIA; and MARIA ISABEL LIMAS GARCIA § § § § § § § § | | |
| VS. § | CIVIL ACTION NO. B-02-122 | |
| § | | |
| AIRPAX CORPORATION, L.L.C.; AIRPAX CORPORATION; and PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION § § § § | "JURY" | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26 (f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda, Elias Limas Garcia, Jr., Raul Limas Garcia, Jesus Manuel Limas Garcia, Marta Alicia Garcia and Maria Isabel Limas Garcia, and Defendants, Airpax Corporation, L.L.C., Airpax Corporation, and Phillips Electronics North America Corporation, file this their Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure and this honorable Court's instructions. In support thereof, the parties respectfully offer the following:

1.  State where and when the meeting of the parties required by Rule 26(f) was

**held, and identify the counsel who attended for each party.**

The meeting of the parties took place telephonically on October 10, 2002 at 9:30 a.m.. Counsel attending the teleconference were John Blaise Gsanger for Plaintiffs, Elias Limas, et al, Ed Perkins for Defendant Philips Electronics North America Corporation and F. Edward Barker for Defendants Airpax Corporation, L.L.C. and Airpax Corporation.

**2.     List the cases related to this one that are pending in any state or Federal Court, with the case number and court.**

None.

**3.     Specify the Allegation of Federal Jurisdiction.**

Defendants Airpax Corporation, L.L.C. ("Airpax") filed a removal of this cause from State District Court to United States District Court Southern District of Texas Brownsville Division pursuant to 28 U.S.C. §1441 and 28 U.S.C. § 1446. The District Courts of the United States should have original jurisdiction of all actions between citizens of the state and citizens that are subject of a foreign state. 28 U.S.C. §1332(a)(2) [please see Defendant Airpax Corporation, L.L.C.'s, previously filed Notice of Removal to the United States District Court Southern District of Texas Brownsville Division for further authorities justifying federal jurisdiction in this instance].

**4.     Name the parties who disagree and the reasons.**

Plaintiffs contend that Airpax Corporation, L.L.C. has not met the burden of proving

complete diversity of citizenship. Plaintiffs further contend that this removal also violates 28 U.S.C. §1441(b). Finally, Plaintiffs contend that Airpax Corporation, L.L.C. has failed to meet its burden of showing that the claims in this case meet the amount in controversy under the applicable law because Airpax Corporation, L.L.C., has raised but an unresolved question about the applicable law.

5. **List the anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Parties will submit initial disclosures within 10 days from the date of the Rule 26(f) conference, on or by October 21, 2002.

9.  **Describe the proposed agreed discovery plan, including**

   a.  **Response to all the matters raised in Rule 26(f).**

   All parties have conferred about the matters raised in Rule 26(f). At this time, no party foresees the need to make changes in the timing, form, requirement, or limits for disclosures under Rule 26(a) or for discovery. At this time, no party foresees the need for discovery to be conducted in phases or be limited to or focused upon particular issues.

   b.  **When and to whom the Plaintiffs anticipate it may send Interrogatories.**

   Plaintiffs anticipate sending interrogatories to Defendant Airpax Corporation, L.L.C., Defendant Airpax Corporation, and Defendant Philips Electronics North America Corporation within 45 days of the Rule 26(f) conference, on or by November 24, 2002. Additional interrogatories may be sent if necessary as discovery progresses.

   c.  **When and to whom the Defendants anticipate it may send Interrogatories.**

1.  Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda;
2.  Elias Limas Garcia, Jr.;
3.  Raul Limas Garcia;
4.  Jesus Manuel Limas Garcia;
5.  Marta Alicia Garcia;
6.  Maria Isabel Limas Garcia;

7. Plaintiffs' experts, currently unnamed and unknown; and

8. Any United States citizens who are medical care providers of any of the Plaintiffs, currently unknown, [since Plaintiffs are for the most part citizens of the State of Mexico, service of interrogatories or Notices of Deposition upon witnesses is virtually impossible to enforce, so it is difficult to determine exactly at this point in time who would be all of the parties to whom interrogatories may be sent.

If necessary, Defendant Philips Electronics North America Corporation will send Interrogatories to Plaintiff and Co-Defendants.

**d.    Of whom and by when the Plaintiffs anticipate taking oral depositions.**

Plaintiffs anticipate taking oral depositions of the following individuals within the next 120 days.

1. Magdaleno Alcocer Muniz;

2. Defendants' Corporate Representatives with the most knowledge of the following topics:

   * Defendants' policies, procedures and methods employed by Defendant to promote Defendants' compliance with all state and federal laws and regulations applicable to trucking and/or the trucking industry in each jurisdiction in which Defendant operates;

   * Defendants' policies, procedures, and methods employed by Defendants to promote safety and/or the safe operation of trucks in conjunction with Defendant's trucking and business operations;

   * Defendants' policies, procedures, and methods employed by Defendant in order to prevent injury to other motorists and/or pedestrians arising out of Defendants trucking and/or business operations;

* Defendants' policies, procedures, and methods employed by Defendant to qualify the truck drivers it hires and/or utilizes to drive trucks and/or to insure that those individuals are qualified and competent to operate trucks in conjunction with Defendants trucking and/or business operations;

* Defendants' policies, procedures, and methods employed by Defendant to inspect, maintain and repair its trucks and trailers in such a way as to keep them in compliance with all applicable state and federal laws and regulations applicable to commercial trucks and trailers in each jurisdiction in which Defendant operates;

* Defendants' policies, procedures, and methods employed by this Defendant pertaining to the investigation of vehicular collision arising out of Defendants trucking and/or business operations;

* The incident which is made the subject of this litigation;

* Defendants' investigation and/or inquiry that was conducted by Defendant into the incident which is made the subject matter of this litigation;

* Defendants' procedures and methods that were used to determine whether or not Magdaleno Alcocer Muniz was qualified and competent to operate the vehicle he was operating at the time of the vehicular incident which is made the subject matter of this litigation;

* Defendants' administrative and/or criminal investigation that was conducted and/or that is being conducted by any governmental agency into the vehicular incident which is made the subject of this litigation and/or the results and/or findings of any such investigation and/or inquiry, whether preliminary or final;

* Defendants' history of compliance and/or history of non-compliance with the state and federal laws and regulations which are applicable to commercial trucking and/or the trucking industry in each jurisdiction in which Defendant operates and/or has operated for the ten (10) year period preceding the date of the vehicular incident which is the subject of this litigation, including knowledge of any and all compliance, reviews, surveys, inquiries and/or investigations conducted by any governmental agency involving Defendant, the results of any such review, surveys, inquiries and/or investigations and any fines, sanctions, penalties, reprimands and/or warnings that resulted from any such compliance reviews, surveys, inquires and/or investigations;

* Defendants' corporate history and interrelationship among Defendants;

Plaintiffs may learn of the need to depose of additional witnesses as discovery progresses.

    e.    **Of whom and by when the Defendants anticipate taking oral depositions.**

1. Elias Limas, Individually and as Executor of the Estate of Maria Petra Banda;
2. Elias Limas Garcia, Jr.;
3. Raul Limas Garcia;
4. Jesus Manuel Limas Garcia;
5. Marta Alicia Garcia;
6. Maria Isabel Limas Garcia;
7. Plaintiffs' experts, currently unnamed and unknown;
8. Any United States citizens who are medical care providers of any of the Plaintiffs, currently unknown, [since Plaintiffs are for the most part citizens of the State of Mexico, service of interrogatories or Notices of Deposition upon witnesses is virtually impossible to enforce, so it is difficult to determine exactly at this point in time who would be all of the parties to whom interrogatories may be sent;
9. Eyewitnesses to the alleged accident which occurred in Matamoros, Mexico;
10. Police officers investigating the incident which occurred in Matamoros, Mexico;

11.     If possible, those persons in Mexico who may have possession of and have investigated or examined the evidence involved in the incident made the basis of Plaintiffs' cause action as stated, those persons are in Mexico and are virtually impossible to subpoena to depositions due to the fact that the jurisdiction of this honorable Court does not extend into the country of Mexico. Therefore, the Defendants' are at an extreme disadvantage if this matter remains within the courts of the United States. The number of such witnesses are currently unknown. At this time, since the accident occurred entirely in Mexico, it is virtually impossible to know precisely who the Defendants would wish to depose and how those depositions would be carried out.

If necessary, Defendant Philips Electronics North America Corporation will depose Plaintiffs and representative of Co-Defendant Airpax.

**f.      When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will designate experts and provide reports within 90 days before trial. Defendants will designate responsive experts and provide their reports within 60 days before trial.

**g.      List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking expert depositions between 60 and 45 days before trial.

**h.    List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking expert depositions between 45 and 30 days before trial.

**10.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Parties are generally in agreement.

**11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**12.    State the date the planned discovery can reasonably be completed.**

Planned discovery can reasonably be completed 30 days before trial.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Parties are in agreement that mediation would be most fruitful if scheduled after the completion of fact witness depositions but prior to deadline for designation of experts.

**14.    Describe what each party has done or agreed to bring about a prompt resolution.**

Parties have conferred about the most efficient and advantageous time for scheduling mediation.

---

*Joint Discovery/Case Management Plan Under Rule 26(f)*
*Federal Rules of Civil Procedure*

15. **From the attorneys' discussions with the clients, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Mediation.

16. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   Parties prefer to not have a magistrate judge try the case.

17. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**
   Plaintiffs anticipate it will take 20 hours to present their evidence in this case. Defendants anticipate it will take 20 hours to present their evidence in this case.

19. **List pending motions that could be ruled on in the initial pretrial and scheduling conference.**

   Motion to Remand.

20. **List other pending motions.**

   None at this time, however, Defendants anticipate a Motion to Dismiss and, in the alternative, a dispositive motion.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

   None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Attorneys for Plaintiffs**
**Elias Limas, et al.;**

Mr. William R. Edwards, III
SBN: 06465010
S.D. Tex.No. 7588
William R. Edwards
Texas Bar No. 06465000
S.D. Tex. No. 666
John Blaise Gsanger
Texas Bar No. 00786662
S.D. Tex. No. 20883
**THE EDWARDS LAW FIRM, L.L.P.**
1400 Frost Bank Plaza
P.O. Box 480
Corpus Christi, Texas 78403
Telephone: (361) 698-7600
Facsimile: (361) 698-7614

**Attorneys for Defendants**
**Air Pax Corporation, L.L.C.**

F. Edward Barker
State Bar No. 01741000
Federal I.D. 970
**BARKER, LEON, FANCHER**
  **& MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Attorneys for Philips Electronics North America Corporation

Mr. Raymond A. Neuer
SBN: 14928350
**Sheehy, Serpe & Ware**
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
FAX: (713) 951-1199
(713) 951-1027

    The parties respectfully offer the above Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure.

Dated: 10/14/02

Respectfully Submitted,

*/s/ William R. Edwards, III*
Mr. William R. Edwards, III  *by permission*
Attorney-in-Charge for Plaintiffs
Texas Bar No.: 06465010
S.D. Tex.No. 7588
**THE EDWARDS LAW FIRM, L.L.P.**
1400 Frost Bank Plaza
P.O. Box 480
Corpus Christi, Texas 78403
Telephone: (361) 698-7600
Facsimile: (361) 698-7614

*Joint Discovery/Case Management Plan Under Rule 26(f)*
*Federal Rules of Civil Procedure*

Of Counsel:

William R. Edwards
Texas Bar No. 06465000
S.D.Tex. No. 666
John Blaise Gsanger
Texas Bar No. 00786662
S.D. Tex. No. 20883
**THE EDWARDS LAW FIRM, L.L.P.**
1400 Frost Bank Plaza
P.O. Box 480
Corpus Christi, Texas 78403
Telephone: (361) 698-7600
Facsimile: (361) 698-7614


Of Counsel:

F. Edward Barker
State Bar No. 01741000
Federal I.D. No. 970
Barker, Leon, Fancher & Matthys, L.L.P.
Attorney-in-Charge for Defendant
Airpax Corporation, L.L.C.
Tower II, Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
(512) 881-9217; FAX (512) 882-9437

By: _____
ATTORNEY-IN-CHARGE FOR DEFENDANT

Of Counsel:

Mr. Raymond A. Neuer
SBN: 14928350
**Sheehy, Serpe & Ware**
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010-1003
FAX: (713) 951-1199
(713) 951-1027

By: /s/ Raymond A. Neuer by permission
ATTORNEYS FOR DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA CORPORATION

*Joint Discovery/Case Management Plan Under Rule 26(f)*
*Federal Rules of Civil Procedure*