IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
OCT 2 4 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ELIAS LIMAS, ET AL., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION B-02-122 |
| | § § | |
| AIRPAX CORPORATION, L.L.C., AIRPAX CORPORATION, and PHILLIPS ELECTRONICS NORTH AMERICA CORPORATION, | § § § § § § | |
| Defendant. | § § | |

## ORDER AND MEMORANDUM

BE IT REMEMBERED that on October 24, 2002, the Court considered Plaintiffs' Motion for Immediate Remand [Dkt. No. 8] and Defendant Airpax Corporation, L.L.C.'s Response thereto [Dkt. No. 10]. For the reasons that follow, Plaintiffs' Motion for Remand is **GRANTED**.

Background

In their individual and representative capacities Plaintiffs filed suit in the 404th Judicial District Court of Cameron County, Texas, for a wrongful death action resulting from an incident that occurred in Mexico in which two individuals were killed after being struck by a tractor-trailer truck. Defendants removed the case to federal court invoking 28 U.S.C. § 1441(a) and alleging this Court has original jurisdiction of all actions based on complete diversity. See 28 U.S.C. § 1332(a)(2). Plaintiffs filed a motion for remand, asserting this Court lacks subject matter jurisdiction.

Discussion

It is axiomatic that the party seeking removal carries the burden of establishing federal jurisdiction. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Under 28 U.S.C. § 1332, the removing party must prove that complete diversity exists between all of the parties and exclusive of attorneys' fees and costs, the amount in controversy exceeds $75,000.

Plaintiffs argue that Defendants have not proven complete diversity because Airpax Corporation, L.L.C., as the name connotes, is a Limited Liability Company, and as such its citizenship for the purposes of federal diversity jurisdiction is determined by the citizenship of its individual members. Plaintiffs' statement of law is correct –the citizenship of an L.L.C. is not determined in the same manner as a corporation whose citizenship is defined by the state in which it is incorporated and the state in which it has its principal place of business. See, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1292 (5th Cir. 1992).

Defendants argue that Airpax Corporation, L.L.C. is in fact a corporation as supported by the affidavit of its Vice President and Chief Financial Officer who states the company is a "Delaware corporation headquartered in Frederick, Maryland." As a result, Defendants contend that diversity was established in its Notice of Removal based on the company's citizenship in Delaware where it is organized and Maryland where it maintains its principle place of business. In support of the contention Defendants present no evidence that Airpax is not an L.L.C. as the name indicates, beyond the affiant's sole reference to the company as a corporation. Under Texas and Delaware law the designation "L.L.C." indicates the business entity is a Limited Liability Company. See Del. Code Ann. tit. 6 §18-102 (1) (as amended 2002); Tex. Civ. Stat. Ann. art. 1528n § 2.03.A(1) (Vernon 1997). In Maryland, the state in which Plaintiffs claimed the company was organized in their first amended petition,[1] defines an L.L.C.

---

[1] Plaintiffs state in their first amended petition that Airpax Corporation, L.L.C. is "a foreign corporation organized and existing under the laws of the State of Maryland." Plaintiffs' First Amended Petition, p. 2 at ¶ 8. In the affidavit Defendants attached to their Notice of

2

to be "a permitted form of unincorporated business organization." See Md. Code Ann., Corps. & Ass'ns §§ 1-404(b)(2); 4A-101(k)(1). Defendants make no effort to explain why the company's name contains the L.L.C. designation if it is a corporation, nor does it submit the company's articles of incorporation as proof that it is an incorporated entity. The Court finds the L.L.C. designation to be controlling. As a result, Defendants have failed to meet their burden of proving complete diversity because they have not established the citizenship of each of its company's members.[2] The Court continues, however, to address briefly Plaintiffs' remaining arguments.

Plaintiffs' second argument is that Airpax Corporation, L.L.C. has not sustained its burden of proving the amount in controversy exceeded $75,000. In general, the removing party may demonstrate the required amount in controversy by referring to the monetary sum disclosed in the petition filed in state court if the amount is delineated therein. See Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, reh'g denied, 368 U.S. 870 (1961); St. Paul Mercury Indemnity Co. v. Red Cab. Co., 303 U.S. 283, 289-99 (1938). In the present case, however, and in compliance with Texas civil procedure, Plaintiffs did not disclose an explicit monetary sum in their state court petition. See Tex. R. Civ. P. 47(b) (requiring "in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court . . . ."). This leaves the Defendant as the removing party to either (1) demonstrate that the

---

Removal, however, the Vice President and Chief Financial Officer of Airpax Corporation, L.L.C. states the company is a "Delaware Corporation headquartered in Frederick, Maryland."

[2]Defendants also contend that "Plaintiffs by their action have waived any objection to diversity by having first plead the diversity themselves." See Defendants' Response to Plaintiffs' Motion to Remand, p. 9 at ¶ 5. Defendants refer to the fact that Plaintiffs in their original petition declare that Airpax was a "foreign corporation existing under the laws of Maryland." Plaintiffs' statement does not convince the Court that Airpax is an incorporated entity rather than a limited liability company. Nor does Plaintiffs' statement constitute a waiver of diversity. It is a well established rule of law that federal subject matter jurisdiction cannot be waived by any party, and indeed the Court is obliged, even in the absence of objection, to examine the basis of its jurisdiction. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 849 (5th Cir. 1999). See also Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (stating that "a party cannot waive the defense [of subject matter jurisdiction] and cannot be estopped from raising it." (citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 (1982))).

required amount is "facially apparent" from the petition or (2) present controverted facts that the jurisdictional amount has been met. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 2335 (5th Cir. 1995). The removing party need only prove by a preponderance of the evidence jurisdictional facts sufficient to satisfy the required amount in controversy. See De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).

Defendants argue the amount in controversy meets the jurisdictional requirements because Plaintiffs' petition enumerates a wrongful death action with a request for exemplary damages, which pleading makes it facially apparent that the amount in controversy exceeds $75,000. In the state of Texas, exemplary damages are available in a wrongful death action where the claimant proves "the death is caused by the wilful act or omission or gross negligence of the defendant." Tex. Civ. Prac. & Rem. Code Ann. § 71.009 (Vernon 1997). Without assessing the merits of these claims, the Court agrees that Plaintiffs alleged in their petition gross negligence and willful conduct, such that a request for exemplary damages was made. As such, Defendants have preliminarily demonstrated that the statutorily required amount in controversy is facially apparent.

Defendants then argue that once they have established the requisite amount in controversy, in order to defeat jurisdiction and avoid remand Plaintiffs must prove to a legal certainty that the amount of damages recoverable does not meet the jurisdictional requirement. See De Aguilar, 47 F.3d at 1412 (citing St. Paul Mercury, 303 U.S. at 289). Plaintiffs attempt to defeat jurisdiction by asserting that Defendants have already raised a choice of law issue in their Notice of Removal when they contended that Mexican law should apply to this case, as the locus of the incident spawning this law suit. See Plaintiff's Motion For Immediate Remand, p. 4 at ¶ 5. Both parties agree that under Mexican law the jurisdictional amount would not be met.

This Court is obligated to ensure that it has subject matter jurisdiction before deciding any merits of the claim, and the Court may raise the issue on its own motion. See Ziegler v. Champion Mortgage Company, 913 F.2d 228, 229 (5th Cir. 1990. The Court must first determine the applicable law and then consider whether the amount in

4

controversy is met under that law.  See Etheridge v. Piper Aircraft Corp., 559 F.2d 1027, 1028 (5th Cir. 1977); Cinalli v. Kane, 191 F. Supp.2d 601, 607 (E.D. Penn. 2002). In a diversity action, Federal Courts apply the choice-of-law rules of the state in which the court sits.  See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Normally the Court would continue its choice of law analysis and apply the "most significant relationship" test employed in Texas, which incorporates factors set out in the Restatement (Second) of Conflicts of Law §§ 6 and 145 (1971).  See Gutierrez v. Collins, 583 S.W.2d 312, 318-19 (Tex. 1979).

In light of the fact that the parties have not briefed the Court on whether Texas or Mexican law should apply in this case, the Court declines to further its analysis.  As indicated supra, Defendants have failed to sustain their burden of proving complete diversity.  Plaintiffs' Motion to Remand for lack of subject matter jurisdiction [Dkt. No. 8], therefore, is hereby **GRANTED**, and this case is **REMANDED** to the 404th Judicial District Court of Cameron County, Texas.

DONE at Brownsville, Texas, this 24th day of October, 2002.

*[signature]*
Hilda G. Tagle
United States District Judge