# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUNE
~~MAY~~ 1 0 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| ELIAS LIMAS, ET AL., | § |
| | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| v. | § |
| | § |
| | § |
| AIRPAX CORPORATION, L.L.C., | § |
| AIRPAX CORPORATION, and | § |
| PHILLIPS ELECTRONICS NORTH | § |
| AMERICA CORPORATION, | § |
| | § |
| | § |
| **Defendants.** | § |

CIVIL ACTION B-02-122

## ORDER AND MEMORANDUM

BE IT REMEMBERED that on June 9, 2003, the Court considered Defendant Airpax Corporation, L.L.C.'s Motion for Reconsideration [Dkt. No. 15]. For the reasons that follow, Defendant's motion is **DENIED**.

### I. Procedural Background

In their individual and representative capacities Plaintiffs filed suit in the 404th Judicial District Court of Cameron County, Texas, for a wrongful death action resulting from an incident that occurred in Mexico in which two individuals were killed after being struck by a tractor-trailer truck. Defendants removed the case to federal court invoking 28 U.S.C. § 1441(a) and alleging this Court has original jurisdiction of all actions based on complete diversity. See 28 U.S.C. § 1332(a)(2). Plaintiffs filed a motion for remand, asserting this Court lacks subject matter jurisdiction. The Court granted this motion on October 24, 2002 [Dkt. No. 14]. The Court sent a certified copy of the remand order to the district clerk of Cameron County on October 24, 2002. Defendant, Airpax

1

Corporation, L.L.C. filed a Motion for Reconsider on October 31, 2002 [Dkt. No. 15].

## II. Review of Previous Arguments

Plaintiffs argued in their Motion for Remand that Defendants had not proven complete diversity because Airpax Corporation, L.L.C., as the name connotes, is a Limited Liability Company, and as such its citizenship for the purposes of federal diversity jurisdiction is determined by the citizenship of its individual members. Plaintiffs' statement of law was correct –the citizenship of an L.L.C. is not determined in the same manner as a corporation.  A corporation's citizenship is defined by the state in which it is incorporated and the state in which it has its principal place of business. See, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); Royal Ins. Co. of Am. v. Quinn-L Capital Corp., 960 F.2d 1286, 1292 (5th Cir. 1992).

Defendants argued in their Response to Plaintiffs' Motion for Remand that Airpax Corporation, L.L.C. is a corporation as supported by the affidavit of Airpax's Vice President and Chief Financial Officer, Michael V. Rabasca.  In his affidavit, Mr. Rabasca stated, "Airpax Corporation, L.L.C. is a Delaware corporation headquartered in Frederick, Maryland."  Notice of Removal, Ex. B [Dkt. No. 1].  Defendants also asserted in their Notice of Removal that "Defendant Airpax is incorporated under the laws of the state of Delaware."  Def's Notice of Removal, at p. 2 [Dkt. No. 1].  In support of this contention Defendants presented no evidence, such as articles of incorporation, that Airpax is an incorporated entity and not an L.L.C. as the name naturally indicates.

Instead, Defendants relied on Plaintiffs' first amended petition filed in state court in which Plaintiffs stated that Airpax Corporation, L.L.C. is "a foreign corporation organized and existing under the laws of the State of Maryland."  Plaintiffs' First Amended Petition, p. 2 at ¶ 8.  Plaintiffs' statement did not convince the Court that Airpax Corporation, L.L.C. is an incorporated entity rather than a limited liability company because under both Texas and Delaware law the designation "L.L.C." indicates the business entity is a Limited Liability Company.  See Del. Code Ann. tit. 6 §18-102 (1) (as amended  2002); Tex. Civ. Stat. Ann. art. 1528n § 2.03.A(1) (Vernon 1997).  In Maryland, the state in which Plaintiffs claimed the company was organized in their first amended petition, an L.L.C. is defined as "a permitted form of *unincorporated*

2

business organization." See Md. Code Ann., Corps. & Ass'ns §§ 1-404(b)(2); 4A-101(k)(1) (emphasis added).

In their response to Plaintiffs' Motion for Remand, Defendants made no effort to explain why the company's name contains the L.L.C. designation if it is a corporation, nor did they submit the company's articles of incorporation as proof that it is an incorporated entity. The Court found in its remand order, therefore, that despite Airpax's own averments in its Notice of Removal, it had not sustained its burden of proving complete diversity of citizenship because: 1) the L.L.C. designation seemingly indicated the company was unincorporated; 2) Airpax had not even attempted to demonstrate the citizenship of the members of the company; 3) Airpax had not presented the court with articles of organization proving it was a corporation instead of an L.L.C.; 4) Airpax did not argue or explain why the name contained both the words "corporation" and "L.L.C."; and 5) Airpax did not present authority that the corporation designation was controlling over the L.L.C. designation.[1]

Airpax's complete failure to even address Plaintiffs' arguments concerning the L.L.C. designation led the Court to conclude that they failed to meet their burden of proving complete diversity because they had not established proof of citizenship for each of its company's members. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995) (stating the axiom that the party seeking removal carries the burden of establishing federal jurisdiction). With this conclusion, the Court determined it lacked subject matter jurisdiction under 28 U.S.C. § 1332(a)(2).

### III. Jurisdiction to Review Airpax's Motion for Reconsideration

In its motion for reconsideration, Airpax argues the parties are completely

---

[1]Airpax's only argument regarding diversity jurisdiction was that Plaintiffs' statements in their first amended petition concerning Airpax's citizenship constituted a waiver of diversity jurisdiction. The Court noted in its order of remand that it is a well established rule of law that federal subject matter jurisdiction cannot be waived by any party. Indeed the Court is obliged, even in the absence of objection, to examine the basis of its jurisdiction. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 849 (5th Cir. 1999). See also Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (stating that "a party cannot waive the defense [of subject matter jurisdiction] and cannot be estopped from raising it." (citing Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 (1982))). In addition, Plaintiffs' statements were averments of citizenship, as were Defendants' statements in its Notice of Removal, and as such the statements did not constitute proof of citizenship.

diverse because "[p]er the LLC Agreement, the three Delaware Corporations have been the only owners of Airpax Corporation, L.L.C." Defs' Motion for Reconsideration, at p. 2. Further, Airpax stated, "[a]s the three individual corporate owners are not L.L.C.s but individual Delaware corporations there is complete diversity between the Plaintiff and Defendant." Id. at pp. 2-3.

Airpax presents no authority in its Motion for Reconsideration to demonstrate the Court has jurisdiction to review its motion. Normally, the district court is "completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court." In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991), quoting Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984). Section 1447(d) of Title 28 of the United States Code makes certain grounds for remand specified in section 1447(c) immune from review. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 497 (1995). "[W]here an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" Id. at 1528, quoting In re Shell Oil Co., 631 F.2d 1156, 1158 (5th Cir. 1980). The Fifth Circuit has stated, when "the remand order was based on a defect in removal procedure, and not a lack of subject matter jurisdiction, an exception to non-reviewability exist[s]." In re Shell Oil Co., 932 F.2d at 1528.

In the present case, the Court's order of remand was premised upon a lack of subject matter jurisdiction because Defendant Airpax had failed to prove complete diversity existed between the parties. See Remand Order, October 24, 2002, at pp. 2-3 [Dkt. No. 14]. This remand order, therefore, is a non-reviewable order under 28 U.S.C. § 1447(d). As a result, the Court does not have jurisdiction to entertain Airpax's Motion for Reconsideration. The motion, therefore, must be **DENIED**.

## IV. Conclusion

Airpax Corporation, L.L.C.'s Motion for Reconsideration appears to be an attempt to accomplish what it should have done in response to Plaintiffs' Motion for Remand. Instead of arguing in its response to Plaintiffs' Motion for Remand that Airpax Corporation, L.L.C. was a Corporation, Airpax should have submitted the

4

documentation it now wishes the Court to review as part of its Motion for Reconsideration –namely, that Airpax, as demonstrated by its L.L.C. agreement and amendments, is a Limited Liability Company whose members are comprised of corporations. Airpax fails to acknowledge that a limited liability company is still a limited liability company, *even* if its members are all incorporated entities. Airpax, therefore, was indeed required to prove diversity of citizenship by demonstrating that each member, corporation or not, was diverse from the Plaintiffs.

Instead, in its response to Plaintiffs' Motion for Remand, Airpax suggested that Plaintiffs had waived subject matter jurisdiction by averring in their first amended petition that Airpax was a foreign corporation organized under the laws of Maryland. As the Court has already mentioned previously in this order, one of the most basic principles of federal jurisdiction is that although personal jurisdiction may be waived, subject matter jurisdiction cannot be waived by either party. This Court has a continuing obligation to assess whether it has subject matter jurisdiction and upon determining that it does not, it must remand the case.

The Court cannot escape comment that this is not the first time Airpax has presented misguided arguments to the Court. Recently, the Court addressed such arguments when it granted a motion for remand against Airpax in a separate civil action that was then pending before the Court. See May 9, 2003, Remand Order, CA B-03-030.

Because this Court lost jurisdiction on October 24, 2002, when it sent a certified copy of the remand order to the clerk of the state district court, the Court must **DENY** Airpax's Motion for Reconsideration [Dkt. No. 15].

DONE at Brownsville, Texas, this 9th day of June, 2003.

Hilda G. Tagle
United States District Judge

5